104 Cal.Rptr.2d 422 (2001)
87 Cal.App.4th 246
In re ANTHONY W. et al., Persons Coming Under the Juvenile Court Law.
Los Angeles County Department of Children and Family Services, Plaintiff and Respondent,
v.
Lilark W., Defendant and Appellant.
No. B140168.
Court of Appeal, Second District, Division Three.
January 26, 2001.
Craig E. Arthur, under appointment by the Court of Appeal, for Appellant.
Lloyd W. Pellman, County Counsel, and Sharon Webster, Deputy County Counsel, for Respondent.
ALDRICH, J.

INTRODUCTION
Lilark W., mother of six-year-old Anthony W., four-year-old Aireal L. and two-year-old Jonathan L., appeals from the *423 order of the juvenile court denying her motion under Welfare and Institutions Code section 388[1] for a modification of an earlier order terminating reunification services. We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND
Mother was a dependent of the juvenile court at the time she gave birth to Anthony in 1994. Anthony became a dependent of the court upon an amended petition alleging mother's minority and lack of ability and resources to care for the child. That petition was dismissed on April 17, 1995. (§ 390.)
On June 5, 1998, the Department of Children and Family Services (the department) filed a new petition naming Anthony and the two additional children born to mother, Aireal and Jonathan. This petition alleged Jonathan had been born in May 1998, with a positive toxicology screen for cocaine, and mother's drug use rendered her incapable of caring for the children. (§ 300, subds.(b), (c), and (i).) Mother's whereabouts were unknown. Mother had admitted using cocaine during her pregnancies and had no stable residence. The maternal grandmother explained that mother had a lengthy problem with drugs and refused help. The court placed Aireal and Jonathan with their paternal aunt, ordered Anthony into shelter care, and ordered reunification services.
In October 1998, the court sustained the petition declaring the three children dependents of the court under section 300, subdivisions (b) and (j). The court ordered reunification services for mother to include monitored visits with the children, individual counseling and conjoint counseling at the therapist's discretion, parenting classes, drug counseling, and random drug testing.
By April 1999, mother had only partially complied with the case plan, and by October 1999, mother had still not completed the case plan. Mother never regularly visited the children and the record indicates she has not visited the children since June 1999. Meanwhile, the children appear well cared for and loved in their placement with their paternal aunt.
Although mother contested the permanent planning hearing, scheduled for November 15, 1999, she left the courthouse before the case was called and so her attorney submitted on the department's recommendation. Thereafter, the court terminated reunification services to mother indicating that the department had made reasonable efforts to assist mother, but that those efforts had failed. Mother had not complied with the services provided, and had failed to remediate the drug addiction which led to the court's jurisdiction. Still, the court allowed mother reasonable, monitored visits. The case was continued to enable the social worker to submit additional information as to one of the fathers.[2]
On February 16, 2000, the court terminated family reunification services upon a finding mother had not complied with the case plan, or resolved the issues which led to the court's jurisdiction.
Thirteen days later, on February 29, 2000, mother filed the petition here at issue for modification under section 388. Therein, mother asked for return of her children or for additional reunification services and unmonitored visits. Mother alleged as changed circumstances or new evidence that she "has participated and completed the family reunification program, including drug counseling, drug testing and parenting [classes]. Further she visits the children on a regular basis.... Further mother has given birth to a new child which is not a dependent of the court...."
*424 The court summarily denied the petition without prejudice on the ground "no dates are mentioned or programs identified to determine ... if there has been a change in circumstances from the last hearing" and the "petition is not signed by mother and there is no statement by [mother's counsel] as to the source for the info[rmation] provided." Mother appealed.[3]

CONTENTION
Mother contends the juvenile court abused its discretion in declining to hold a hearing on her section 388 petition.

DISCUSSION
Section 388 allows a person having an interest in a dependent child of the court to petition the court for a hearing to change, modify, or set aside any previous order on the grounds of change of circumstance or new evidence. The petition must be verified and "shall set forth in concise language any change of circumstance or new evidence which are alleged to require such change of order or termination of jurisdiction." (§ 388.)
The parent seeking modification must "make a prima facie showing to trigger the right to proceed by way of a full hearing. [Citation .]" (In re Marilyn H. (1993) 5 Cal.4th 295, 310, 19 Cal.Rptr.2d 544, 851 P.2d 826; In re Jeremy W. (1992) 3 Cal.App.4th 1407, 1412-1414, 5 Cal. Rptr.2d 148.) There are two parts to the prima facie showing: The parent must demonstrate (1) a genuine change of circumstances or new evidence, and that (2) revoking the previous order would be in the best interests of the children. (In re Kimberly F. (1997) 56 Cal.App.4th 519, 529, 65 Cal.Rptr.2d 495.) If the liberally construed allegations of the petition do not show changed circumstances such that the child's best interests will be promoted by the proposed change of order, the dependency court need not order a hearing. (In re Zachary G. (1999) 77 Cal.App.4th 799, 806, 92 Cal.Rptr.2d 20.) We review the juvenile court's summary denial of a section 388 petition for abuse of discretion. (In re Jeremy W., supra, 3 Cal.App.4th at p. 1413, 5 Cal.Rptr.2d 148.)
Mother failed to make the showing necessary to obtain a hearing. The petition may not be conclusory. "[S]pecific allegations describing the evidence constituting the proffered changed circumstances or new evidence" is required. (In re Edward H. (1996) 43 Cal.App.4th 584, 593, 50 Cal.Rptr.2d 745.) Successful petitions have included declarations or other attachments which demonstrate the showing the petitioner will make at a hearing of the change in circumstances or new evidence. In In re Jeremy W., supra, 3 Cal.App.4th at pp. 1413-1415, 5 Cal. Rptr.2d 148, not only had the department's reports evidenced the alleged change in circumstances, but the mother's declarations attached to her section 388 petition directly addressed deficiencies in the reports, justifying a hearing on the section 388 petition.[4]
Here, mother merely asserted that she had "participated [in] and completed the family reunification program," including drug counseling and testing and parenting *425 classes, that she visits the children regularly, and that she had given birth to a "new child which is not a dependent of the court...." These statements are conclusory. No mention is made of dates or names of counselors. The assertions are unsupported by any evidence such as certificates of completion or drug test results. (Ibid.) We reject mother's argument that the court's "findings" were "premature" because it was unable to assess mother's asserted changed circumstances without holding hearing. Mother bore the responsibility in the first instance, as moving party, to make a prima facie showing, which she failed to do.
Nor did mother make a showing of changed circumstances. Mother's assertion she "visits the children on a regular basis" is nothing more than assertions entirely unsubstantiated by even a declaration. The record shows mother had not visited the children between June 1999 and February 29, 2000, when she filed her 388 petition, and mother did not present anything to suggest otherwise. Further, mother's allegations she has completed the reunification program is belied by the fact that just five months earlier, the court had found mother had not completed the program and had not overcome the drug dependency which led to the court's jurisdiction, and mother has not shown by any documents or declarations that a change occurred in the past five months. (Cf. In re Kimberly F., supra, 56 Cal.App.4th at p. 531, 65 Cal.Rptr.2d 495, fn. 9 ["It is the nature of [drug] addiction that one must be `clean' for a much longer period than 120 days to show real reform"].)
Most important, mother's petition does not demonstrate how a change in the order would be in the best interest of these children. (In re Kimberly F., supra, 56 Cal.App.4th at p. 529, 65 Cal.Rptr.2d 495.) At this point in the proceedings, on the eve of the selection and implementation hearing, the children's interest in stability was the court's foremost concern, outweighing any interest mother may have in reunification. (In re Beatrice M. (1994) 29 Cal. App.4th 1411, 1418, 35 Cal.Rptr.2d 162.) Mother made no showing how it would be the children's best interest to continue reunification services, to remove them from their comfortable and secure placement to live with mother who has a long history of drug addiction and a recurring pattern of domestic violence in front of the children. The children should not be made to wait indefinitely for mother to become an adequate parent. (In re Marilyn H., supra, 5 Cal.4th at p. 310, 19 Cal.Rptr.2d 544, 851 P.2d 826.) There was no abuse of discretion in denying mother's petition.

DISPOSITION
The judgment is affirmed.
KITCHING, Acting P.J., and PERLUSS, J.,[*] concur.
NOTES
[1] Hereinafter, all statutory references shall be to the Welfare and Institutions Code, unless otherwise noted.
[2] None of the fathers is a party to this appeal.
[3] Concurrently, mother filed a writ of supersedeas seeking to stay the section 366.26 hearing, scheduled for October 11, 2000. We denied the writ petition. On October 11th, the court continued the section 366.26 hearing until January 10, 2001 and ordered the department to provide a supplemental report concerning the status of the home study and of this appeal.
[4] Unlike In re Hashem H. (1996) 45 Cal. App.4th 1791, 1796, 53 Cal.Rptr.2d 294, upon which mother relies, where the petitioning parent described her continuous participation in therapy and attached a letter from her therapist describing the mother's progress in therapy and her ability to care for the child, here mother presented no specific information; she did not attach any documents in support of her petition or provide names or dates. Hence, here mother made no showing she could demonstrate at a hearing that she had overcome the problems which led to the dependency jurisdiction. (Id. at p. 1800, 53 Cal.Rptr.2d 294.)
[*] Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.