Filed 4/8/14  In re Evan F. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SEVEN

| | |
|---|---|
| In re EVAN F., a Person Coming Under the Juvenile Court Law. | B248661 |
| | (Los Angeles County Super. Ct. No. CK88926) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GREG F.,<br><br>Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Amy Pellman, Judge.  Affirmed.

Joseph T. Tavano, under appointment by the Court of Appeal, for Defendant and Appellant Greg F.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Denise M. Hippach, Deputy County Counsel for Plaintiff and Respondent.

_____

Greg F. appeals the juvenile court's summary denial of his Welfare and Institutions Code[1] section 388 petition seeking custody of his son, Evan F. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Evan F. was born to Helen D. and Greg F. in May 2010. (*DCFS v. Greg F.* (Sept. 23, 2013, B243861) [nonpub. opn.].) Evan F. became a dependent child of the juvenile court based on sustained allegations relating to both his parents. (*DCFS v. Greg F.* (Sept. 23, 2013, B243861) [nonpub. opn.].) Two sustained allegations involved Greg F.'s conduct. First, the juvenile court found true the allegation under section 300, subdivision (a) pertaining to domestic violence between Evan F.'s parents: "The child's mother, Helen [D.] . . . and the child's father[] have engaged in altercations over the care and custody of the child and . . . on one occasion, June 30, 2011, a physical altercation resulted when the mother attempted to grab the child from the father's arms after father threatened to remove the child from mother's care and custody. Such violent conduct between the parents in the presence of the child endangers the child's physical health and safety and places the child at risk of physical harm." (*DCFS v. Greg F.* (Sept. 23, 2013, B243861) [nonpub. opn.].) Second, the court found true an allegation under section 342 that Greg F.'s demonstrated numerous mental and emotional problems, including, but not limited to, impulsive, erratic, and reckless behavior, brought Evan F. within the jurisdiction of the juvenile court under section 300, subdivision (b). (*DCFS v. Greg F.* (Sept. 23, 2013, B243861) [nonpub. opn.].)

The juvenile court granted Greg F. monitored visitation and ordered that he undergo a psychological evaluation, take a 52-week domestic violence class, and complete a parenting class focused on fatherhood. Greg F. appealed the jurisdictional findings and dispositional orders, and we affirmed. (*DCFS v. Greg F.* (Sept. 23, 2013, B243861) [nonpub. opn.].)

---

[1] All further statutory references are to the Welfare and Institutions Code.

2

The juvenile court appointed Timothy Collister to conduct the psychological evaluation of Greg F. Greg F. canceled the evaluation appointment with Collister and instead obtained a psychological evaluation from an evaluator of his choice. The court again ordered Greg F. to be evaluated by a court-appointed evaluator, and appointed Chuck Leeb to evaluate Greg F. Greg F. submitted to evaluation by Leeb.

Greg F. did not demonstrate enrollment in the court-ordered parenting classes or domestic violence program. Instead, he filed a section 388 petition seeking return of Evan F. to his custody, or, in the alternative, unmonitored visitation. The juvenile court denied Greg F.'s petition without a hearing on the ground that the request did not state new evidence or a change of circumstances. Greg F. appeals.

## DISCUSSION

### I.      Mootness

In the course of its review, this court learned that after the section 388 petition that is the subject of this appeal, the juvenile court terminated dependency jurisdiction. We requested that the parties submit supplemental letter briefs addressing whether the termination of jurisdiction rendered the appeal from the section 388 petition denial moot. Greg F. has now appealed from the termination of jurisdiction, and he argues that the subsequent termination of jurisdiction and placement and visitation orders were entered "as a direct result of matters challenged in this appeal—the juvenile court's denial of *appellant's* request for custody and unmonitored visitation." "An issue is not moot if the purported error infects the outcome of subsequent proceedings." (*In re Dylan T.* (1998) 65 Cal.App.4th 765, 769.) Because Greg F. has appealed the termination of jurisdiction and alleges that the termination was based on error in conjunction with the section 388 petition, it is possible that effective relief may be available in the event of reversal and the appeal is not moot.

3

## II.     Section 388

Section 388 is a general provision permitting the court, "upon grounds of change of circumstance or new evidence . . . to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." (§ 388, subd. (a).)  The statute is an "escape mechanism" that allows the dependency court to consider new information even after parental reunification efforts have been terminated.  (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1316.)  It permits the modification of a prior order only when the petitioner establishes by a preponderance of the evidence that (1) changed circumstances or new evidence exists; and (2) the proposed change would promote the best interests of the child.  (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806.)  The petitioner must make a prima facie showing of changed circumstances and best interests in order to obtain a hearing; if the allegations of the petition, liberally construed, are inadequate to make a prima facie case, the trial court may deny the petition without a hearing.  (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250; Cal. Rules of Court, rule 5.570(d).)  We review the summary denial of a section 388 petition for an abuse of discretion (*In re Anthony W.*, at p. 250), and cannot say that the juvenile court abused its discretion here.

According to Greg F.'s petition, the change of circumstances or new evidence was:  "Father participated in a 730 Evaluation with Dr. Chuck Leeb, PhD.  Dr. Leeb did not find any mental health issues and '…recommended that custody of Evan be returned to father, Greg F[.]'  Dr. Leeb also found no grounds for other issues raised by the Department related to [domestic violence] and sexual abuse."  We have reviewed Greg F.'s section 388 petition and the psychological evaluation on which it is based and find that Greg F. did not make a prima facie showing of a change of circumstances or new evidence.

While the evaluator's professional opinion that Greg F. did not display any signs of a mental disorder or impulsivity at the time of evaluation was useful information for the court in proceeding with the dependency matter, it did not itself establish a change of

circumstances or new evidence that could support a change of placement because Greg F.'s mental health issues were not the sole basis for jurisdiction: The juvenile court took jurisdiction over Evan F. based not only on the sustained allegation concerning Greg F.'s demonstrated mental and emotional problems but also on a sustained allegation of domestic violence between Greg F. and Helen D. The evidence that an evaluator did not believe that Greg F. presently had mental problems does not demonstrate any change of circumstances or new evidence pertaining to domestic violence that could possibly merit placement of Evan F. in Greg F.'s custody, particularly in light of Greg F.'s choice not to comply with the court's order to undergo a year-long domestic violence class.

We are aware that Leeb also opined that there was "no evidence" of domestic violence by Greg F. based on his review of a portion of the evidence that had previously been presented in this matter. The juvenile court, however, was presented with the full range of evidence, conducted a contested jurisdictional hearing, and resolved the conflicts in the evidence by concluding that there had been domestic violence. On appeal, we concluded that this jurisdictional finding was supported by substantial evidence. (*DCFS v. Greg F.* (Sept. 23, 2013, B243861) [nonpub. opn.].) Leeb's opinion about what a select portion of the already-presented evidence shows is not itself new evidence, only a contrary conclusion about what the old evidence demonstrates; it neither constitutes or demonstrates any change in circumstance that could warrant a change in Evan F.'s placement. Accordingly, we conclude that the juvenile court did not abuse its discretion in concluding that Greg F. had failed to present new evidence or demonstrate a change in circumstances in his section 388 petition.[2]

---

[2]    Our conclusion that Greg F. failed to make the prima facie showing necessary to require a hearing on his section 388 petition disposes of his contention that the denial of the hearing denied him due process. This case is not like *In re Clifton V.* (2001) 93 Cal.App.4th 1400, at pages 1404-1406, in which evidence of a change of circumstances was presented by one party and contested by the other, resulting in a credibility contest that could not properly be resolved without a hearing. Here, the court found only that there was no prima facie showing of new evidence or a change in circumstances to warrant a hearing on the petition; it did not resolve factual issues or make credibility determinations without a hearing.

5

## DISPOSITION

The order is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

WOODS, J.

6