Filed 4/30/14  In re F.P. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re F.P. et al., Persons Coming Under the Juvenile Court Law. | B250054 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIFFANY B.,<br><br>    Defendant and Appellant. | (Los Angeles County  Super. Ct. No. CK74133) |

APPEAL from an order of the Los Angeles County Superior Court. Donna Levin, Referee.  Affirmed.

Andrea R. St. Julian, under appointment by the Court of Appeal, for Appellant.

Office of the County Counsel, John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Navid Nakhjavani, Deputy County Counsel, for Respondent.

_____

Mother Tiffany B. challenges a juvenile court order denying her Welfare and Institutions Code section 388 petition without a hearing.[1] We affirm.

**STATEMENT OF FACTS**

The facts of this dependency proceeding up to July 2011 were set forth in our unpublished opinion in *In re F.P.* (May 14, 2012, B235638) [nonpub. opn.].) We do not restate those facts in full here, but summarize the history of the case and set forth the facts that give rise to Mother's section 388 petition addressed in this opinion.

In 2008, DCFS detained Mother's four children. Only the younger two children, F.P. and Fr.P. ("the children"), are the subject of this appeal. When DCFS removed the children from Mother's home, F.P. was four years old and Fr.P. was two. The juvenile court sustained a petition alleging the children were at risk of harm within the meaning of section 300, subdivisions (b), (g), and (j).

The juvenile court terminated Mother's reunification services in April 2010. In October 2010, the court appointed the children's paternal grandparents as their legal guardians. The children's father, who was incarcerated and serving a prison term of 40 years to life, died in December 2010. In April 2011, DCFS reported the children had adjusted well to living with the paternal grandparents.

In July 2011, Mother filed a section 388 petition requesting to change the legal guardianship order. The request was denied without a hearing; the juvenile court stated that it contained no new evidence or change of circumstances, and it was not in the best interests of the children. Mother appealed the denial. Our court affirmed the juvenile court's decision.

In September 2011, DCFS submitted a section 366.3 Permanent Plan Review with an associated Status Report, due to the paternal grandparents being evicted from their residence. DCFS recommended that the children remain dependent children of the

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise noted.

juvenile court and remain placed with their grandparents. The court agreed, and issued orders to that effect.

In a report for a December 2011 Status Review, DCFS reported that the paternal grandparents moved into a two bedroom apartment with the children. DCFS reported that the children were progressing and maturing age appropriately, and they were very attached to their paternal grandparents. Mother visited the children once a week for approximately two hours at the paternal grandparents' home. Mother brought snacks for the children and the paternal grandmother reported that mother and the children interacted well, but that the children did not have any reaction when the visits were over. DCFS recommended that the court terminate jurisdiction with regard to the children with a kinship guardianship assistance ("Kin-Gap") program in place.

At the conclusion of the December 2011 hearing, the juvenile court ordered that the children be released to the paternal grandparents, and terminated jurisdiction. The court also ordered that, "As long as mother is appropriate, Mother may have reasonable monitored visits with the children at least 1 time per month, 1 hour per visit, monitored by a monitor approved by legal guardian."

Mother thereafter filed section 388 petitions on May 22, 2012, December 5, 2012, December 17, 2012, March 21, 2013, and April 12, 2013. All were denied. The appeal before us today arises from Mother's modification petition filed on April 12, 2013.

The subject modification petition requested that the juvenile court grant Mother custody over F.P. and Fr.P., and terminate the guardianship. In support of her petition, Mother stated: "My daughters have been abuse while in the care of their grandparents. I think my daughters are scare[d] to tell me anything." Mother believed the change would be "better" for the children for the following stated reasons: "I'm their mother. I can and will protect, love and provide for my kids. 2008, I caught my son touching his baby sister vagina and I flip[ped]. Now I know how to handle the situation if that ever happen[s] again."

3

On May 16, 2013, the juvenile court denied a hearing on Mother's section 388 petition.

Mother timely filed an appeal.

## DISCUSSION

The denial of a hearing on a section 388 petition is reviewed for abuse of discretion.[2] (*In re Brittany K.* (2005) 127 Cal.App.4th 1497, 1505 (*Brittany K.*).) The test for whether a hearing is warranted on a section 388 petition is two pronged: the petitioner must make a prima facie showing that (1) new evidence or changed circumstances exist, and (2) the proposed change would be in the best interests of the children. (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806.) The petition should be liberally construed. (*Ibid.*) A hearing should be denied only "if the application fails to reveal any change of circumstance or new evidence which might require a change of order." (*In re Jeremy W.* (1992) 3 Cal.App.4th 1407, 1413-1414.) We find the juvenile court did not abuse its discretion in determining that Mother did not meet her burden.

### A.      Changed Circumstances

A section 388 petition must allege a circumstance that justifies changing the juvenile court's prior orders. (*In re Edward H.* (1996) 43 Cal.App.4th 584, 592.) The petition must allege facts which would sustain a favorable decision if the evidence submitted in support of the allegations by the petitioner were credited. (*Id.* at p. 593.) Something more than "general, conclusory allegations" is required. (*Ibid.*) In her April 2013 petition, Mother presented the bald assertion that the children were being abused, but she did not state any facts in support of this belief. Mother's allegation alone did not make a prima facie showing of changed circumstances justifying a hearing on her section 388 petition.

---

[2]      Mother argues that the standard of review for a denial of a hearing should be de novo. However, abuse of discretion has been the standard for well over a decade and we decline to disturb that line of cases now. (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.)

Moreover, Mother's petition provided no statements about any changes in her personal circumstances.[3] Since Mother requested that the children be placed in her care, she was required to make a prima facie showing that her own circumstances had changed such that she could provide an appropriate placement for the children. (*Brittany K., supra,* 127 Cal.App.4th at p. 1506 [affirming the refusal of a hearing when "[v]irtually the entire focus of appellant's section 388 petition . . . was on the alleged unsuitability of the minors' foster placement . . . "].) Mother did not do so.

## B.    Best Interests

Mother also did not make a prima facie showing that granting her custody and terminating guardianship would be in the children's best interests. Factors relevant to whether the change would be in the child's best interest include "the seriousness of the reason leading to the child's removal, the reason the problem was not resolved, the passage of time since the child's removal, the relative strength of the bonds with the child, the nature of the change of circumstance, and the reason the change was not made sooner." (*In re Mickel O.* (2011) 197 Cal.App.4th 586, 616.) A child's need for continuity " ' "will often dictate the conclusion that maintenance of the current arrangement would be in the best interests of that child." ' " (*Brittany K., supra,* 127 Cal.App.4th at p. 1505.)

The record indicates that the children are happy and doing well with their grandparents, and have a positive relationship with Mother. Mother's petition states that she is the children's mother, she "will protect, love, and provide for" the children. However, she alleged no new facts to support the proposition that she can provide for the children. Mother did not allege facts regarding her current housing situation, she did not indicate how she planned to care for them, and gave no information on whether or not she

---

[3]    In previous petitions, Mother submitted evidence that she has completed anger management, parenting courses, and obtained stable housing. However, these circumstances were not presented in the petition giving rise to her current appeal. Even if the court credits Mother's prior applications, she has not provided any recent information on her housing situation or whether she has addressed her depression and anxiety. Both of these were key concerns in the original DCFS petition.

has addressed the "mental and emotional problems" that were key in the DCFS's 2008 petition.

The paternal grandparents have been the children's legal guardians for more than three years. Given the juvenile court's interest in assuring continuity and stability for the children, Mother's petition failed to make a prima facie showing that the proposed change would be in the best interests of the children. Thus, the juvenile court did not abuse its discretion in denying mother's section 388 petition without a hearing.

## DISPOSITION

The juvenile court's order is affirmed.

BIGELOW, P. J.

We concur:

FLIER, J.

GRIMES, J.