Filed 6/26/14  In re A.R. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re A.R. et al., Persons Coming Under the Juvenile Court Law. | |
| FELICITY C., | |
|    Plaintiff and Appellant, | G049265 |
|      v. | (Super. Ct. Nos. DP022319, DP022320) |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, | O P I N I O N |
|    Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Konrad S. Lee, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Nicholas S. Chrisos, County Counsel, Karen L. Christensen, Julie J. Agin, and Jeannie Su, Deputy County Counsel, for Defendant and Respondent.

No appearance for the Minors.

\*          \*          \*

This is an appeal from a non-dependent sibling, Felicity, in the dependency matter involving her two sisters, A. and Autumn. (See *In re A.R.* (June 26, 2014, G049270) [nonpub. opn.].) On the eve of the Welfare and Institutions Code section 366.26[1] hearing, Felicity filed a section 388 petition on her own behalf, the parents' rights should not be terminated because Felicity did not want to lose contact with her sisters, and wanted to maintain visits with them.

I

FACTS

The facts are stated in full in *In re A.R.*, *supra*, G049270, and we shall not restate them here. Suffice to say that Felicity had a previous dependency case, but was reunited with the mother in 2007. Felicity apparently lived with the mother's ex-husband during the pendency of this case.

In March 2012, then almost two-year-old A. and one-month-old Autumn (the girls) were detained and the parents[2] arrested. From June 2012 through May 2013, the mother received services, mostly focusing on drug treatment. She consistently visited the girls, and Felicity would often, but not always, visit with her. The mother had many successes in treatment, but she also had drug detection patches that tested positive in November 2012 and April 2013. She would initially deny any relapse and then admit them later. She was terminated from dependency drug court after her second relapse. In May 2013, the court terminated services and scheduled a section 366.26 hearing. The girls were placed in a prospective adoptive home.

---

[1] Subsequent statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] The father of the girls is a party to the appeal in G049270, but only joined in the mother's arguments. That appeal was therefore focused on the mother's efforts to reunify.

In October 2013, the mother filed a section 388 petition. "In late October, the mother filed a section 388 petition, asking the court to either return the children to her or provide further services. She stated in her declaration that she had successfully completed one residential recovery program and was making progress in another. She expected to complete it by March 2014. She was also working on her GED. She felt that it was in the best interests of the children to reunify with her because she had developed a significant parent-child relationship and bond with them. She attached documentation from her recovery programs and a letter from the former foster mother supporting reunification." (*In re A.R.*, *supra*, G049270.) The court concluded the mother had failed to make a prima facie showing of changed circumstances.

Shortly thereafter, Felicity filed her section 388 petition. She asked the court for visitation with her sisters. If the court terminated the mother's parental rights, she would lose contact with them. She described her relationship with her sisters as "close" and stated "we grew up together and share a common history." At the hearing, none of the counsel present requested appointment of a guardian ad litem or attorney for Felicity. The mother's counsel argued in favor of the motion. (*In re A.R.*, *supra*, G049270.)

The court noted that Felicity had done a "good job of trying to file a document before the court," but she had not shown a change of circumstances that would justify granting a full hearing. Felicity had argued that she wanted to maintain a relationship with her sisters, but she had not demonstrated changed circumstances or that granting the motion would be in the girls' best interests." (*In re A.R.*, *supra*, G049270.)

At the section 366.26 hearing, the parental and sibling benefit exceptions were key topics of testimony and argument. The mother testified about Felicity's bond with the girls. Felicity testified that she saw the girls about twice a week since detention.

(The social worker later testified it was about once a month.) Felicity described a typical visit, and said A. referred to her as "sissy" and also knew her name. Felicity believed her sisters would benefit from a relationship with her.

At the conclusion of the hearing, the court determined that neither benefit exception applied. With respect to Felicity, the court said: "Felicity is an amazing young lady. She's kind, caring, articulate. She clearly loves her little sisters. [¶] The court hopes that there is a possibility that she will be able to maintain some relationship with her siblings . . . . But unfortunately for Felicity, the bond she feels and has towards them is not something that can be shown with respect to Autumn and A[.] feeling the same way towards her, and that is what the court needs to look to." Reviewing the relevant legal factors, the court concluded the sibling relationship was "certainly not one that would require the court to determine that it was in the best interest of Autumn and A[.] to forego permanency in exchange for maintaining their relationship with Felicity." The court terminated parental rights.

Felicity appeals from the denial of the section 388 petition. She does not appeal the judgment terminating parental rights or the court's findings regarding the benefit exception. She argues, essentially, that the petition should have been granted and the case never should have proceeded to the section 366.26 hearing.

II

DISCUSSION

Felicity offers two arguments on appeal. She claims the juvenile court abused its discretion by not appointing counsel for her. She also asserts the trial court erred by summarily denying her section 388 petition.

4

*Appointment of Counsel*

Felicity argues the court abused its discretion by failing to appoint counsel or a guardian ad litem for her sua sponte.[3] She asserts that under Family Code section 7861, the court has discretion whether to appoint counsel. But that section refers to the discretionary appointment of counsel in an action seeking freedom from parental custody and control. It has no applicability here. Indeed, Felicity points to no case law at all in which the court appointed counsel for a nondependent sibling in a dependency matter. While we can agree with Felicity that such an appointment might have merit in a very small class of cases where a nondependent sibling has interests separate from and adverse to the parents, this is not one of those cases. We therefore disagree with Felicity that "*every* reasonable person" would agree she was entitled to appointed counsel here.

Here, the only factual issue raised in Felicity's petition was her desire to maintain a relationship with her sisters, and why it was in the girls' interests to do so. The parents had every motivation to raise the same issue in the context of the sibling benefit exception during the section 366.26 hearing, and indeed, that issue was fully litigated. There was testimony on the topic from the mother, Felicity herself, and the social worker. Thus, appointing separate counsel to make essentially the same argument on the eve of the section 366.26 hearing was unnecessary, and not an abuse of discretion.

Felicity also claims she "was much like a de facto parent . . . who may have important information to provide the court." She had the opportunity to present information to the court — twice, in her petition and again at the section 366.26 hearing. The analogy simply lacks merit.

In addition to a lack of authority demonstrating that not appointing counsel was an abuse of discretion, Felicity has also failed to show prejudice. As we have noted,

---

[3] We appointed counsel to represent her on appeal.

her interests were entirely aligned with those of the parents. She argues she could not make a statement at the hearing on the petition, yet offers no suggestion of what counsel might have said or how it might have persuaded the court. Both the mother and the father's attorneys argued in favor of her petition. While she claims she was somehow "taint[ed]" by the "mother's history of bad behavior," it is pure speculation that the trial court did not decide the petition on its merits.

She also complains SSA's reports were inadequate regarding the nature of the sibling relationship, but fails to point out specifics or discuss why the parents were insufficiently motivated to raise these issues. The sibling exception was fully litigated during the section 366.26 hearing. Again, without any specifics, she claims that counsel could have amended the petition to strengthen it somehow, or to provide a more detailed description of the change of circumstances. Felicity has simply failed to meet her burden on appeal to affirmatively show any error. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

We also disagree that she has come anywhere close to establishing "structural error" which requires reversal without prejudice. Her interests were aligned with the parents, and therefore her interests were represented before the court. She was not a party to these proceedings, and appointment of counsel for her was entirely a discretionary matter. She has not demonstrated an abuse of that discretion.

*Felicity's Section 388 Petition*

Section 388 allows any person having an interest in a dependent child to move to modify a prior order based upon a change of circumstance or new evidence. Before proceeding to a full hearing on the petition, the moving party must make a two-part prima facie showing: a genuine change of circumstances or new evidence, and that revoking the prior order would be in the dependent children's best interests. If the petition, liberally construed, does not meet these requirements, a full hearing is not required. (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.) We review the juvenile

court's denial of a section 388 petition for abuse of discretion, upholding its decision unless the court exceeded all bounds of reason. (*In re Brittany K.* (2005) 127 Cal.App.4th 1497, 1505.)

Felicity did not come anywhere close to establishing any change of circumstances. Essentially, she argued that she loved her sisters and wanted to continue to visit them. But this was nothing new — it was simply an early attempt at arguing the sibling benefit exception, which was subsequently litigated during the section 366.26 hearing. Without demonstrating a change of circumstance or new evidence, the court was therefore not required to order a full hearing on the merits of the petition.

## III

## DISPOSITION

The court's order denying the section 388 petition is affirmed.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

ARONSON, J.

7