Filed 5/16/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re A.H., a Person Coming Under the Juvenile Court Law. | |
| NAPA COUNTY HEALTH & HUMAN SERVICES AGENCY, <br><br>    Plaintiff and Respondent, <br><br> v. <br> A.Y., <br><br>    Defendant; <br> J.B., <br><br>    Appellant. | A166532 <br><br> (Napa County <br> Super. Ct. No. 22JD0000031) |

Appellant J.B. is a "nonrelative extended family member" (Welf. & Inst. Code, § 362.7) of dependent A.H. (Minor).  After J.B.'s request to have Minor placed with her was denied, J.B. petitioned under Welfare and Institutions Code section 388 to change the juvenile court's disposition order so as to place Minor with her rather than in a foster home.  J.B. now appeals from the juvenile court's summary denial of her petition.  As a nonrelative extended family member, J.B. lacks standing to bring this appeal, and therefore we shall dismiss it.

# BACKGROUND

## I.

### *Proceedings in the Juvenile Court*

On June 6, 2022, the Napa County Health and Human Services Agency (Department) filed a petition alleging that newborn A.H. (Minor) came within the jurisdiction of the juvenile court under Welfare and Institutions Code section 300, subdivisions (b), (g) and (j).[1] Minor was detained and placed in a foster home.

In a jurisdiction/disposition report filed in July 2022, the Department recommended that the juvenile court sustain the allegations in the petition, bypass reunification services to Minor's mother, and continue Minor's placement in a foster home.[2] The Department reported that J.B. had been assessed for placement as a nonrelative extended family member, but that her request for placement had been denied.

There is no dispute that J.B. is a first cousin, twice removed, to Minor and is therefore Minor's relative in the sixth degree of kinship. Thus, although J.B. is biologically related to Minor, she is not a "relative" for purposes of preferential consideration for placement of a child who is removed from parental custody under section 361. (See § 361.3, subd. (c)(2) [defining "relative" as an adult related to the child within the fifth degree of kinship].) For purposes of this dependency proceeding, the parties agree that J.B. is a "nonrelative extended family member" (NREFM), defined by statute as an adult with "a familial or mentoring relationship with the child" or with

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2] Subsequent dates are in 2022 unless otherwise stated.

"an established familial relationship" with a relative of the child, where "relative" is defined as in section 361.3, subdivision (c)(2). (§ 362.7.)

On August 17, J.B. filed a form JV-285, "Relative Information," with supporting documents, in which she requested that Minor live with her. At the contested jurisdiction/disposition hearing on August 18, counsel for the Department objected to the court's considering J.B.'s filing, on the ground that J.B. was not a relative for purposes of the proceedings. The juvenile court sustained the objection and stated it would not consider the information J.B. had submitted. In its jurisdiction and disposition orders, the juvenile court stated that it independently considered placement with several relatives as well as with NREFM J.B. and denied placement with those individuals "for the reasons stated in the Social Worker's Report and for any other reasons just stated on the record."[3] The court ordered Minor to be placed in a foster home and scheduled a section 366.26 hearing for November 17.

On October 24, J.B. filed form JV-180, "Request to Change Court Order," in which she petitioned under section 388 to change the disposition order so as to place Minor with her. The juvenile court summarily denied J.B.'s petition on October 25, on the grounds that the request did not state new evidence or a change of circumstances, and the proposed change did not promote Minor's best interest. J.B. timely filed a notice of appeal on November 4.

---

[3] The Department reported that in the dependency case of Minor's half-sibling, J.B. "created a division" between the Department and the sibling's parents, falsely accused the sibling's caregiver of neglect, harassed the caregiver and put the caregiver and her family at risk of harm.

On November 17, 2022, the juvenile court issued an order terminating parental rights and selecting adoption as the permanent plan. No appeal was taken, and that order is now final.

## II.

### *J.B.'s Appeal and the Department's Motion*

In her opening brief on appeal, J.B. argues that the juvenile court abused its discretion and violated her due process rights when it denied her section 388 petition without an evidentiary hearing. She also argues that the court abused its discretion at the disposition hearing when it declined to consider the relative information form that she submitted, and when it declined to order Minor placed with her.

After J.B. filed her brief, the Department filed a motion to dismiss for lack of standing, which J.B. has opposed. The Department also filed a request for judicial notice, which has not been opposed and which we now grant.

## DISCUSSION

The Department argues that J.B. lacks standing to appeal a denial of placement. The Department's position is that J.B. has no cognizable interest in Minor's placement, and therefore she cannot appeal from the summary denial of her section 388 petition, which challenged the order placing Minor with a foster family rather than with her.

Section 388, subdivision (a)(1), authorizes any "person having an interest in a dependent child of the court to petition the court for a hearing to change, modify, or set aside any previous order on the grounds of change of circumstance or new evidence." (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.) A petition filed by anyone other than the dependent child must "state the petitioner's relationship to or interest in the child." (§ 388, subd. (a)(1).)

4

Thus, a petition may be filed by someone who is not a party to the dependency proceeding. It does not follow, however, that a person with an interest in a dependent child can necessarily appeal the decision, because "[t]o have standing, a person must have *rights* that may suffer injury." (*In re P.L.* (2005) 134 Cal.App.4th 1357, 1361.)

As our Supreme Court has held, "Although standing to appeal is construed liberally, and doubts are resolved in its favor, only a person aggrieved by a decision may appeal. [Citations.] An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision. [Citations.] These rules apply with full force to appeals from dependency proceedings." (*In re K.C.* (2011) 52 Cal.4th 231, 236.)

As an NREFM, J.B. has no legally cognizable interest in the placement of the Minor. In this respect, she differs from a "relative," as defined in section 361.3, subdivision (c)(2), who has a right to preferential consideration for placement of a minor in a dependency proceeding before the termination of parental rights.[4] (§ 361.3, subd. (a) ["In any case in which a child is removed from the physical custody of his or her parents pursuant to Section 361, preferential consideration shall be given to a request by a

---

[4] The rules governing placement after parental rights have been terminated are different from the rules governing placement at a disposition hearing. Before parental rights are terminated, preferential consideration in placement is given by statute to a relative within the fifth degree of kinship to the child under section 361.3, subdivision (c). After parental rights are terminated, section 366.26, subdivision (k), grants a preference in placement for adoption to an application from a relative caretaker or foster parent who has cared for the child. (See *Cesar V. v. Superior Court* (2001) 91 Cal.App.4th 1023, 1031 [discussing application of section 361.3].)

5

relative of the child for placement of the child with the relative"].)  Because section 361.3 "confers upon a [relative] the right to preferential consideration for placement," a relative has a legally protected separate interest in his or her relationship to the dependent child and has standing to challenge a placement decision before parental rights are terminated.  (*Cesar V. v. Superior Court*, *supra*, 91 Cal.App.4th at pp. 1034-1035.)  Accordingly, a relative may have standing to appeal from the denial of a section 388 petition that seeks to modify a disposition order with respect to the child's placement.  (See *In re R.T.* (2015) 232 Cal.App.4th 1284, 1293-1294, 1299-1300 [reviewing denial of § 388 petition brought by aunt and uncle seeking to modify placement in disposition order on the grounds that they were denied preferential consideration for placement].)

Although the Legislature has granted preferential consideration in placement to relatives, which gives rise to standing to protect their separate interests, there is no such preference for an NREFM.  Section 361.2, subdivision (e)(3) authorizes the placement of a dependent child in the home of an NREFM, but nothing in the statutory scheme grants any preference to NREFM's for placement.  J.B. does not cite any authority holding that a NREFM has a legally cognizable interest in a minor's placement that confers standing, and we have found none.

Moreover, for an NREFM to have standing to appeal decisions concerning the placement of a dependent child would be inconsistent with the overall dependency scheme, as set forth in the Welfare and Institutions Code and interpreted by the courts.  A "de facto parent" is "a person who has been found by the court to have assumed, on a day-to-day basis, the role of parent, fulfilling both the child's physical and psychological needs for care and affection, and who has assumed that role for a substantial period."  (Cal.

6

Rules of Court, rule 5.502(10).) De facto parents, unlike NREFM's, have the right to an attorney, the right to be present at dependency hearings, and the right to present evidence and be heard. (*In re P.L., supra,* 134 Cal.App.4th at p. 1361.) But de facto parents have no right to visitation, reunification services or custody, and courts have held that they lack standing to complain of an order approving the placement of the child with someone else. (*Id.* at pp. 1361-1362; see also *In re B.S.* (2021) 65 Cal.App.5th 888, 895, 897 ["While de facto parents may *feel* aggrieved and, no doubt, may be *emotionally* affected by orders affecting the custody of a minor, a de facto parent has no standing to appeal a custody decision because they cannot show how their *legal* rights were injuriously affected"]; but see *In re Vincent M.* (2008) 161 Cal.App.4th 943, 949, 953 [de facto parents who were approved to adopt minor have standing to appeal from order granting father's section 388 motion for modification requesting presumed father status and reunification services, where grant of father's motion meant vacating orders for permanency planning services and for section 366.26 hearing, and removed the case from "the adoption track"].) It would make little sense to treat the interest of an NREFM, who might have no relationship with a child, as sufficient to establish standing when de facto parents, who have an established and significant parental relationship with the child, have been held to lack such standing.

In sum, although J.B. may have an "interest" in Minor that is sufficient to authorize her filing a petition under section 388, she does not have a legally cognizable interest in Minor's placement such that she has standing to challenge the juvenile court's placement decision, which is what she ultimately seeks to do here. In her section 388 petition, J.B. sought to modify the juvenile court's disposition order to place Minor with her, and because

J.B. has no standing to challenge the placement order, we conclude that J.B. has no standing to challenge the denial of her section 388 petition.

## DISPOSITION

Respondent's unopposed request for judicial notice is granted. The appeal is dismissed.

_____

STEWART, P.J.

We concur.

_____

MILLER, J.

_____

MARKMAN, J. [*]

*In re A.H.* (A166532)

_____

[*] Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court:  Napa County Superior Court

Trial Judge:  Hon. Robert Stamps, Commissioner

Counsel:

J.B, in pro. per., for Appellant.

Renne Public Law Group, Amy S. Ackerman and M. Abigail West for Plaintiff and Respondent.