Filed 2/19/25  In re D'J.A. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re D'J.A. et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B340469 (Super. Ct. Nos. J073294, J073295) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>F.H.,<br><br>    Defendant and Appellant. | |

F.H. (mother) appeals from the orders of the juvenile court denying her Welfare and Institutions Code section 388 petitions and terminating her parental rights.[1]  Mother contends the

_____

    [1] All further statutory references are to the Welfare and Institutions Code.

juvenile court abused its discretion when it denied the petitions without a hearing.  We affirm.

*Facts and Procedural Background*

Mother and father have two children: D'J.A. (born September 2021) and D'A.A. (born May 2023).[2]  In May 2023, Ventura County Human Services Agency received a referral after mother and D'A.A. tested positive for amphetamine at D'A.A.'s birth.  Mother also tested positive for cannabis.

In June 2023, the agency obtained a protective custody warrant after mother failed to enroll in a substance abuse treatment program and tested positive for methamphetamine.  The agency also filed petitions alleging the children came within the provisions of section 300.

At the jurisdiction and disposition hearing, the juvenile court found the allegations in the petitions to be true, ordered the children removed from parents' custody and placed with maternal grandfather and his wife, and ordered reunification services for both parents.

In January 2024, at the six-month review hearing, the juvenile court found parents' progress in their case plan services was "minimal."  It terminated reunification services as to both parents and set the matter for a section 366.26 hearing.

Prior to the section 366.26 hearing, mother filed a section 388 petition for each child.  She asserted a change in circumstances based on her participation in voluntary services, including an outpatient substance abuse treatment program.  Mother asserted she was "stable and sober" and willing to engage in any additional services provided to her.  As to the children's

_____

2  Father is not a party to this appeal.

2

best interests, mother asserted she had been the primary provider of D'J.A.'s care until he was almost two years old, and she was "close" to both of her children.

The juvenile court conducted a hearing on whether to hear evidence of the merits of mother's section 388 petitions. Mother was not present. After hearing argument, the juvenile court denied the petitions, finding "the evidence does not show a change in circumstances or how it is in the best interest of the child[ren]."

Two days later, the juvenile court conducted the section 366.26 hearing. Mother was present and testified. After listening to testimony and considering the evidence presented, the juvenile court found the children were adoptable and terminated parental rights.

*Discussion*

Mother contends the juvenile court abused its discretion when it denied her section 388 petitions without a hearing. We disagree.

Upon receipt of a section 388 petition, the juvenile court may either summarily deny the petition or hold a hearing. (*In re Lesly G.* (2008) 162 Cal.App.4th 904, 912.) To be entitled to a full hearing, the parent must demonstrate: "(1) a genuine change of circumstances or new evidence, and that (2) revoking the previous order would be in the best interests of the children." (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250 (*Anthony W.*).)

"A prima facie case is made [where] the allegations [in the petition] demonstrate that these two elements are supported by probable cause. [Citations.] It is not made, however, if the allegations would fail to sustain a favorable decision even if they were found to be true at a hearing. [Citations.] While the

3

petition must be liberally construed in favor of its sufficiency [citations], the allegations must nonetheless describe specifically how the petition will advance the child's best interests. [Citations.]" (*In re G.B.* (2014) 227 Cal.App.4th 1147, 1157.)

We review the juvenile court's summary denial of a section 388 petition for abuse of discretion. (*In re Anthony W., supra*, 87 Cal.App.4th at p. 250.)

Here, mother points to the positive steps she has taken since her services were terminated, including engaging in outpatient substance abuse treatment and random drug testing. She also asserts she has attended AA/NA meetings almost daily, completed a parenting class, attended domestic violence classes, and maintained consistent visitation with the children.

The agency, on the other hand, contends mother's petition "fell far short of showing significant change."

Although mother's recent engagement in services is commendable, the juvenile court reasonably concluded that mother's circumstances "may be starting to change," but they were not "changed." (See *In re Ernesto R.* (2014) 230 Cal.App.4th 219, 223 [the requisite "change in circumstances must be substantial"].)

But even if mother's assertions were found true at a hearing, she still does not explain how reunification services and liberalized visits would be in the best interest of the children. Mother's visits, although pleasant, were inconsistent. She missed several visits and was frequently late. The children separated easily from her, and visits never progressed beyond supervised visitation.

Meanwhile, the children are doing well in their placement with maternal grandfather and his wife, who wish to adopt them

4

and to whom they are "strongly attached." The juvenile court did not abuse its discretion in denying mother's petitions without a full hearing. (See *In re Zachary G.* (1999) 77 Cal.App.4th 799, 806-807.)

*Disposition*

The orders denying mother's section 388 petitions and terminating parental rights are affirmed.

NOT TO BE PUBLISHED.

                                        YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

5

Gilbert A. Romero, Judge

Superior Court County of Ventura

_____

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Appellant.

Tiffany N. North, County Counsel, Joseph J. Randazzo, Principal Assistant County Counsel, for Plaintiff and Respondent.