Filed 9/18/20; Certified for Publication 9/24/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re SAMUEL A., a Person Coming Under the Juvenile Court Law. | B302700<br><br>(Los Angeles County Super. Ct. No. 19CCJP00325A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>PATRICIA A.,<br><br>     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig S. Barnes, Judge. Reversed and remanded with directions.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Amir Pichvai for Plaintiff and Respondent.

_____

Patricia A., mother of three-year-old Samuel A., petitioned pursuant to Welfare and Institutions Code sections 388 and 390[1] to set aside jurisdiction findings concerning Patricia's alcohol abuse and mental instability and to terminate dependency jurisdiction after a court-ordered psychiatric evaluation found Patricia was not mentally ill and did not meet the diagnostic criteria for alcohol use disorder. Incorrectly characterizing her petition as an untimely new trial motion under Code of Civil Procedure section 659, the court summarily denied it without deciding whether Patricia had made a prima face showing of new evidence or a change of circumstances that demonstrated the relief requested would be in Samuel's best interests, which would require a hearing on the merits of the petition. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Dependency Petition, Jurisdiction and Disposition*

On January 16, 2019 the Los Angeles County Department of Children and Family Services (Department) filed a section 300 petition alleging Patricia had an unresolved history of alcohol abuse that made her unable to provide regular care for Samuel. The Department filed an amended section 300 petition two weeks later, adding the allegation that Patricia suffered from severe and untreated anxiety and depression that also made her unable to provide regular care for Samuel.

At the jurisdiction hearing on March 20, 2019 the court sustained both allegations, finding Samuel to be a person described under section 300, subdivision (b). Proceeding directly to disposition, the court declared Samuel a dependent child of the

---

[1] Statutory references are to this code unless otherwise stated.

2

juvenile court, removed him from Patricia's custody and ordered monitored visitation for Patricia for a minimum of six hours per week and various other family reunification services. We affirmed the juvenile court's jurisdiction finding based on Patricia's alcohol abuse and its disposition order removing Samuel from Patricia's custody with monitored visitation. We did not address the court's additional jurisdiction finding. (*In re Samuel A.* (Dec. 16, 2019, B296535) [nonpub. opn.].)

   2. *Patricia's Section 388 Petition*

   On August 28, 2019, prior to the six-month review hearing (§ 366.21, subd. (e)), Patricia filed a section 388 petition seeking, pursuant to section 390,[2] to set aside the court's jurisdiction findings and to dismiss the amended section 300 petition in the interests of justice.[3] In support of her petition Patricia relied primarily on the July 30, 2019 psychiatric evaluation prepared by Dr. Suzanne M. Dupée pursuant to Evidence Code section 730, which Patricia attached to her petition as an exhibit. Based on Dr. Dupée's July 2019 interview with Patricia, Patricia's

---

[2]   Section 390 provides, "A judge of the juvenile court in which a petition was filed, at any time before the minor reaches the age of 21 years, may dismiss the petition or may set aside the findings and dismiss the petition if the court finds that the interests of justice and the welfare of the minor require the dismissal, and that the parent or guardian of the minor is not in need of treatment or rehabilitation."

[3]   Several months earlier, Patricia had filed a section 388 petition based on different evidence, which the court denied without a hearing. We dismissed Patricia's appeal from that order after a subsequent visitation order mooted the appeal. (See *In re Samuel A.* (Feb. 18, 2020, B299022) [nonpub. opn.].)

3

responses on the Minnesota Multiphasic Personality Inventory-2 (MMPI-2) and Dr. Dupée's telephone conversation with Dr. Nadine Winocur, Patricia's treating psychologist, Dr. Dupée opined to "a reasonable degree of medical certainty that [Patricia] does not suffer from any major mental illness that impairs her ability to parent her child." Although Dr. Dupée acknowledged Patricia's MMPI-2 results reflected "an extreme attempt" to "present herself as being free of psychological problems in order to influence the outcome" of the evaluation, preventing the examiner from interpreting the results in "a straightforward manner," Dr. Dupée nonetheless concluded, based on her overall evaluation of Patricia and consultation with Dr. Winocur, that Patricia's anxiety and anger management difficulties were a "direct result of the dependency proceeding" and not any underlying mental illness.

As to Patricia's alcohol abuse, Dr. Dupée stated, "The evidence indicates that [Patricia] has followed court orders to complete substance abuse counseling. There is no evidence to suggest ongoing alcohol abuse since January 2019 [when Samuel was detained], although she reportedly drank for several months after her son was removed." In Dr. Dupée's opinion Patricia did not meet the diagnostic criteria for alcohol use disorder, which, she stated, as currently defined in the Diagnostic and Statistical Manual of Mental Disorders (DSM-5), includes both alcohol abuse and alcohol dependency.

Patricia also supplied several reports prepared by visitation monitors indicating she and Samuel shared a strong mother-child bond and their visits had gone well. In addition, Patricia asserted that Samuel's health had declined while he had been in

the custody of his foster parent and it was in Samuel's best interests to be returned to her care.

On September 4, 2019 the court informed the parties of its concerns about the lack of specific findings and test results in Dr. Dupée's report. The court ordered the Department to obtain the psychometric testing data by the next scheduled hearing on September 10, 2019, at which time the court would address both a pending request by Patricia to dismiss her appointed counsel and Patricia's section 388 petition to set aside the jurisdiction findings and dismiss the amended petition.

On September 10, 2019, following a *Marsden* hearing,[4] the court denied Patricia's request to dismiss her appointed counsel but granted her counsel's request to withdraw from the case and appointed new counsel. The court then granted Patricia's new counsel time to review the section 388 petition and the psychometric test results supporting Dr. Dupée's evaluation and asked her counsel to advise the court thereafter whether Patricia intended to proceed with the petition. The Department urged the court to dismiss the section 388 petition outright, arguing it was a motion for reconsideration or a new trial motion and, either way, was untimely under the Code of Civil Procedure. The court stated it would address those arguments at the next hearing if Patricia decided to go forward with her section 388 petition.

---

[4] See *People v. Marsden* (1970) 2 Cal.3d 118; *In re M.P.* (2013) 217 Cal.App.4th 441, 455 ("'[j]uvenile courts, relying on the *Marsden* model, have permitted the parents, who have a statutory and a due process right to competent counsel, to air their complaints about appointed counsel and request new counsel be appointed'"); *In re Z.N.* (2009) 181 Cal.App.4th 282, 289 (*Marsden* principles apply in dependency proceedings).

5

On September 12, 2019 the Department filed a walk-on request for issuance of a restraining order to protect a social worker, Samuel's foster parent and Samuel from Patricia. The Department informed the court that, after the last court hearing, Patricia had gone to the home of Samuel's foster parent despite repeated warnings to stay away and her assurances to the court at the prior hearing that she would follow that directive. According to the Department, Patricia also called the child abuse hotline and falsely accused the foster parent of following her in his car and driving erratically with Samuel in the car. The Department stated Patricia was becoming increasingly erratic and dangerous. Prior to a court hearing in late August 2019, the Department reported, Patricia violently threw documents at a person, resulting in "numerous bailiffs [taking] more than two hours to subdue [Patricia]." A sheriff's deputy at the time noticed Patricia smelled of alcohol. In addition, the Department reported Patricia had exhibited volatile behavior toward the social worker during a monitored visit with Samuel at the Department's offices on September 4, 2019, screaming the social worker was a criminal and a child abuser. After Patricia was unable to calm down and the social worker asked her to leave, Patricia threatened the social worker, telling her "I know where you live." The social worker smelled alcohol on Patricia's breath.

The Department also asked to include Samuel in the scope of the restraining order, asserting Patricia's "unpredictable and violent conduct creates a substantial risk of detriment" to Samuel. Following a recess, the court stated it was issuing a temporary restraining order "on its own motion" until midnight October 3, 2019. The court ordered a mental health evaluation for Samuel, carved out an exception from the temporary

6

restraining order to permit Patricia to have telephonic visitation with Samuel and set a further hearing on the restraining order for October 3, 2019.

At the October 3, 2019 hearing Patricia's counsel requested the court grant the section 388 petition or schedule a hearing on the merits; the Department urged the court to deny the petition as procedurally improper and untimely; and Samuel's counsel stated she had no objection to setting the petition for hearing on the same day as the upcoming six-month review hearing, as several of the issues would overlap. Accepting the Department's argument the section 388 petition was procedurally improper and an untimely new trial motion under Code of Civil Procedure section 659, the court summarily denied the petition without deciding whether Patricia had made a prima facie showing under section 388 sufficient to warrant a hearing on the merits.

The court at the October 3, 2019 hearing also issued a permanent restraining order in favor of the foster father and the social worker and a temporary restraining order as to Samuel, with carve-outs for online and telephone visitation with Patricia, and set a further hearing for October 9, 2019.

Patricia filed a timely notice of appeal from the October 3, 2019 order summarily denying her section 388 petition.

## DISCUSSION

1. *Governing Law and Standard of Review*

Section 388 provides for modification of juvenile court orders when the moving party presents new evidence or a change of circumstances and demonstrates modification of the previous order is in the child's best interests. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317; *In re Jasmon O.* (1994) 8 Cal.4th 398, 415.) To obtain a hearing on a section 388 petition, the parent must

7

make a prima facie showing as to both elements. (*In re K.L.* (2016) 248 Cal.App.4th 52, 61; *In re G.B.* (2014) 227 Cal.App.4th 1147, 1157; see Cal. Rules of Court, rule 5.570(d).)

The petition should be liberally construed in favor of granting a hearing, but "[t]he prima facie requirement is not met unless the facts alleged, if supported by evidence given credit at the hearing, would sustain a favorable decision on the petition." (*In re J.P.* (2014) 229 Cal.App.4th 108, 127; accord, *In re K.L.*, *supra*, 248 Cal.App.4th at p. 61.) The petition may not consist of "general, conclusory allegations." (*In re Edward H.* (1996) 43 Cal.App.4th 584, 593.) "Successful petitions have included declarations or other attachments which demonstrate the showing the petitioner will make at the hearing." (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.) When determining whether the petition makes the necessary showing, "the court may consider the entire factual and procedural history of the case." (*In re K.L.*, at p. 62; *In re Jackson W.* (2010) 184 Cal.App.4th 247, 258.)

Section 390 authorizes a juvenile court to set aside findings and dismiss a dependency petition if it finds (1) the interests of justice and the welfare of the child require dismissal, and (2) the parent is not in need of treatment or rehabilitation. (See *In re Y.M.* (2012) 207 Cal.App.4th 892, 912 [parent may petition juvenile court pursuant to section 388 to dismiss dependency jurisdiction based on allegations the child's best interests would be promoted by terminating jurisdiction pursuant to section 390; "[o]nce that prima facie showing has been made and a hearing is held, the court may dismiss the dependency petition if the court finds that 'the interests of justice and the welfare of the minor require the dismissal, and that the parent or

guardian of the minor is not in need of treatment or rehabilitation,'" quoting section 390].)

We review the summary denial of a section 388 petition for abuse of discretion. (*In re K.L.*, *supra*, 248 Cal.App.4th at p. 61; *In re G.B., supra,* 227 Cal.App.4th at p. 1158.) However, when the court's summary denial is based on a mistake of law on undisputed facts, our review is de novo. (See *In re R.T.* (2017) 3 Cal.5th 622, 627 [court reviews juvenile court's construction of a statute de novo]; see also *People v. Tran* (2013) 215 Cal.App.4th 1207, 1217 ["[w]hen a trial court bases its ruling on a conclusion of law, or a mistake of law, we review [the ruling] de novo"].)

    2. *The Court Erred in Concluding Patricia's Section 388 Petition Was an Untimely New Trial Motion*

Patricia's section 388 petition was based on new evidence— Dr. Dupée's Evidence Code section 730 findings that Patricia did not suffer from mental illness or meet the diagnostic criteria for alcohol use disorder and therefore was not in need of treatment or rehabilitation—and her contention, allegedly supported by reports from visitation monitors of Patricia and Samuel's parent/child bond, that termination of dependency jurisdiction would be in Samuel's best interests. Rather than evaluating whether the petition made the prima facie showing required for a hearing under section 388, the court denied the petition outright, concluding Patricia's petition was simply "an untimely new trial motion" pursuant to Code of Civil Procedure section 659. The court erred. Filing a section 388 petition to terminate dependency jurisdiction under section 390 is entirely proper. (See *In re Y.M., supra,* 207 Cal.App.4th at p. 912 [recognizing section 388 as appropriate procedural vehicle for parent to seek termination of dependency jurisdiction pursuant to section 390];

9

*In re Marcus G.* (1999) 73 Cal.App.4th 1008, 1014 [same].) That is precisely what Patricia did here.

At the same time it summarily denied Patricia's section 388 petition, the juvenile court granted a temporary restraining order prohibiting Patricia from visiting Samuel in person and stated, if it had to make a finding that day, it would find Patricia a detriment to Samuel, a powerful indicator the court believed setting aside the jurisdiction findings and dismissing the dependency petition pursuant to section 390 would not be in Samuel's best interests. Nonetheless, the court denied the petition solely on an incorrect procedural ground. Rather than speculate as to the juvenile court's evaluation of the sufficiency of the showing made by Patricia in her petition, we remand so the juvenile court may make that determination in the first instance.[5]

---

[5] A contested 18-month review hearing (§ 366.22), currently scheduled for September 14, 2020, will undoubtedly address most, if not all, the issues Patricia raises in her section 388 petition. Nonetheless, as long as Patricia seeks to proceed with her section 388 petition, the court must address its sufficiency and hold a hearing on the merits if it finds the requisite prima facie showing has been made.

## DISPOSITION

The juvenile court's October 3, 2019 order summarily denying Patricia's section 388 petition is reversed. On remand, after providing Patricia an opportunity to supplement her petition with more recent information, if she wishes, the juvenile court is to decide whether Patricia has made the required prima facie showing that terminating dependency jurisdiction would be in Samuel's best interests. If such a showing has been made, the court is to conduct a hearing on the merits of the petition.


                                        PERLUSS, P. J.

    We concur:



        FEUER, J.



        DILLON, J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 9/24/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re SAMUEL A., a Person Coming Under the Juvenile Court Law. | B302700 |
| | (Los Angeles County Super. Ct. No. 19CCJP00325A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | ORDER CERTIFYING OPINION FOR PUBLICATION (NO CHANGE IN APPELLATE JUDGMENT) |
| v. | |
| PATRICIA A., | |
| Defendant and Appellant. | |

THE COURT:

The opinion in this case filed September 18, 2020 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the appellant's request pursuant to California Rules of Court, rule 8.1120(a) for publication is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

_____

PERLUSS, P. J.          FEUER, J.          DILLON, J.[*]

_____

[*]   Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2