Filed 7/22/22  In re Daniel Q.M. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re Daniel Q.M., et al., Persons Coming Under the Juvenile Court Law. | B314090<br><br>(Los Angeles County Super. Ct. Nos. 18CCJP06061, 18CCJP06061A-C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>S.G.,<br><br>Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Stephen Marpet, Judge Pro Tempore.  Affirmed in part, denied in part.

Law Offices of Vincent W. Davis and Vincent W. Davis, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, William D. Thetford, Deputy County Counsel, for Plaintiff and Respondent.

---

Appellant S.G. is maternal aunt to the three children involved in this dependency proceeding—twins D. and E., and their brother C. The twins were placed with appellant in November 2019 and removed from her care in April 2021. In May 2021, appellant filed a petition pursuant to Welfare and Institutions Code section 388,[1] seeking to reverse the order removing the twins from her care and stating that she was willing to care for all three children. The juvenile court summarily denied appellant's petition.

On appeal, appellant contends that she made a prima facie case for relief and therefore that the juvenile court abused its discretion by denying her section 388 petition without a hearing. She also argues that the court erred by denying her request for de facto parent status and her objection to removal of D. and E. from her care.

Respondent Los Angeles County Department of Children and Family Services (DCFS) moves to dismiss the appeal as to C. Because parental rights for C. were previously terminated, respondent contends that appellant was required to challenge the denial of her section 388 petition by petition for extraordinary writ.

We deny the Department's dismissal motion, and on the merits we conclude that appellant has failed to provide a sufficient record to establish error as to all three children. We also find that appellant has forfeited her right to appeal from the remainder of her requests. We therefore affirm.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

## BACKGROUND[2]

Appellant is maternal aunt to twins D. and E. (born 2014) and their brother C. (born 2017). After the initiation of dependency proceedings, D. and E. were placed in appellant's care in November 2019. C. was placed with another caregiver the same month, and never resided with appellant.

D. and E. were removed from appellant's care in April 2021. There is no information in the record regarding the reason for that decision.

On May 19, 2021, appellant filed a section 388 petition to change the order removing the twins from her home.[3] In the portion of the petition asking "What has happened since that order that might change the judge's mind," appellant asserted that she was "willing to have all three minors placed with her so the siblings can remain together." She asked the court to place all three children with her, arguing that it was in their best interest to be placed together and with a relative. She also argued that the children were deeply bonded with her and that the requested placement would "ensure stability and safety" for the children. She further argued that her section 388 petition should "trigger a relative placement preference hearing" pursuant to section 361.3. In an accompanying declaration, appellant stated that she was willing "to continue facilitating the reunification efforts between the three children and their parents, monitor the visits, and implement any elements of the case plan." In the event reunification failed, appellant stated that she was willing and able to provide a permanent home for all three children, including adoption.

Appellant also filed several other forms on May 19, 2021. She filed a de facto parent request, asking the court to appoint her as a de facto parent for all three children. She attested that she provided full-time care for D. and E. during the time they lived with her, she provided for all of their needs, and

---

[2] Because appellant is not a party to the dependency proceeding, the record on appeal is extremely limited. Neither parent is a party to the appeal. Appellant filed a request for disclosure of the case file, which the juvenile court granted in part. We relate here the background facts available in the record.

[3] Under section 388, a parent, interested person, or the dependent child may petition the court to change, modify, or set aside a previous order on the grounds of changed circumstances or new evidence. (§ 388, subd. (a).)

3

they were deeply bonded with her. Although C. did not reside with her, she stated that she "spen[t] as much time as permitted" with him and that they were deeply bonded. In addition, she filed a request for prospective adoptive parent designation for D. and E. Appellant also filed an objection to removal. She argued that it was not in the best interest of D. or E. to be removed from her home.

The court summarily denied appellant's section 388 petition without a hearing on May 26, 2021. The court found that approving the petition would not be in the children's best interest and that there was no change of circumstances. When appellant's counsel noted to the court that she had also filed a de facto parent motion and was requesting a hearing, the court responded that it did not yet have the motion, but would "deny that when it hits the portal." The minute order from the hearing on May 26, 2021 notes that the court would address the de facto parent motion at the next hearing but it would "probably" be denied. There is no other information in the record regarding the outcome of appellant's request for de facto parent status, her request for prospective adoptive parent designation, or her objection to removal.

Appellant timely appealed. In her notice of appeal, she indicated that she was appealing from "all findings and orders made by the court" regarding denial of the section 388 petition, as well as "request for de facto parent status; [and] objection to removal."

Respondent requested that we take judicial notice of the juvenile court's April 7, 2021 order terminating parental rights as to C. We granted that request. Respondent also filed an unopposed motion to augment the record with excerpts from a DCFS section 366.26 report filed February 20, 2020 and a DCFS status review report filed February 2, 2022. We now grant that motion as well.

Respondent also moved to dismiss the appeal, which we denied without prejudice to further consideration once the matter was fully briefed. After completion of briefing on appeal, respondent filed a renewed motion to dismiss, which appellant opposed.

**DISCUSSION**

Appellant challenges the juvenile court's summary denial of her section 388 petition as to D., E., and C. She argues that she made a prima facie showing of changed circumstances and demonstrated that placing the three children with her would be in the best interests of the children, and therefore the court abused its discretion by failing to conduct an evidentiary hearing.

Respondent seeks to dismiss the appeal as to C. As discussed below, we deny the motion to dismiss. However, as to the merits for all three children, we agree with respondent that appellant has failed to provide a sufficient record to demonstrate error. We therefore affirm the summary denial of her section 388 petition. We find that appellant has forfeited her other claims of error, as there is no evidence before us that the trial court issued the orders from which she is purporting to appeal.

## I. *Motion to Dismiss*

Respondent moves to dismiss the portion of the appeal regarding C. Respondent asserts that because parental rights were terminated as to C. in April 2021,[4] the court's May 2021 order denying appellant's section 388 petition as to C. was not an appealable order. Instead, respondent contends appellant was required to seek writ relief, and that her failure to do so requires dismissal of her appeal.

"In dependency proceedings, the order entered at the dispositional hearing is a final judgment and thus is an appealable order. [Citations.]" (*In re Adam D.* (2010) 183 Cal.App.4th 1250, 1261.) As a general rule, "any subsequent order may be appealed as an order after judgment." (§ 395, subd. (a).)

Respondent relies on an exception to this rule in section 366.28, subdivision (b). That statute provides that after termination of parental rights, "an order by the court that a dependent child is to reside in, be retained in, or removed from a specific placement" is not appealable unless a writ petition was filed and "summarily denied or otherwise not decided on the merits." Thus, because parental rights were terminated as to C., respondent

---

[4]     There is no information in the record regarding termination of parental rights as to D. and E.

5

contends that the post-termination order denying appellant's section 388 petition for C. must first be challenged by a writ petition.

Respondent cites *A.M. v. Superior Court* (2015) 237 Cal.App.4th 506, 513, in which the Fourth District, Division Two considered the applicability of section 366.28 to juvenile court orders giving the Department the authority to place the child with a potential adoptive parent and changing the permanent plan to adoption. Noting the "legislative intent of preventing lengthy appeals from delaying a child's permanent placement," the court found that the orders were nonappealable under section 366.28 as orders designating a specific placement for the child. (*Id*. at pp. 513-514.)

However, the Fourth District, Division One reached the opposite conclusion in *In re Shirley K.* (2006) 140 Cal.App.4th 65, 71 (*Shirley K.*), finding appealable the denial of a section 388 petition filed by the grandparents. The respondent agency conceded that "section 366.28 does not apply on its face to appellate review of a court's determination the Agency did not abuse its discretion in a post-termination placement decision or to a review of the court's action in a section 388 modification proceeding." (*Ibid*.) Instead, the respondent argued that the court should interpret section 366.28 to include such orders based on legislative intent. (*Ibid*.) The court refused "to rewrite the statute," finding that the statutory language was "clear and unambiguous" and therefore concluding that "[a] denial of a section 388 petition is appealable under section 395." (*Ibid*., citing Cal. Rules of Court, rule 1435(b); *In re Aaron R.* (2005) 130 Cal.App.4th 697, 702–704; see also *In re Daniel C.* (2006) 141 Cal.App.4th 1438, 1444 ["we . . . disagree with the notion that . . . after the termination of parental rights . . ., an order denying [a section 388] petition is effectively an order 'that a dependent child is to . . . be retained in . . . a specific placement' within the meaning of section 366.28, subdivision (b)(1)"].)

We agree with the reasoning of *Shirley K.* and find that the denial of appellant's section 388 petition is not governed by section 366.28 as "an order by the court that a dependent child is to reside in, be retained in, or removed from a specific placement." (See *Shirley K., supra*, 140 Cal.App.4th at p. 71; *In re Daniel C., supra*, 141 Cal.App.4th at pp. 1443-1444.) Instead, the

6

court's order is appealable as an order after judgment under section 395. We therefore deny respondent's motion to dismiss the appeal as to C.

## II. *Denial of Section 388 Petition*

### A. *Legal Principles*

Section 388 provides a parent, interested person, or the dependent child the right to petition the juvenile court for modification of any previous order based upon changed circumstances or new evidence. (*In re Alayah J.* (2017) 9 Cal.App.5th 469, 478.) To obtain modification of an order under section 388, the petitioner must demonstrate, by a preponderance of the evidence, both a change of circumstances or new evidence, and that the proposed change is in the best interests of the child. (*Ibid.*; *In re Mickel O.* (2011) 197 Cal.App.4th 586, 615.)

On receipt of a section 388 petition, the court may either summarily deny the petition or order a hearing. (*In re Lesly G.* (2008) 162 Cal.App.4th 904, 912.) The court may summarily deny the petition unless the petitioner makes a prima facie showing in his or her favor. (*Ibid.*; see also *In re Marilyn H.* (1993) 5 Cal.4th 295, 310.) "'There are two parts to the prima facie showing: The [petitioner] must demonstrate (1) [either] a genuine change of circumstances or new evidence, and . . . (2) [that] revoking the previous order would be in the best interests of the [child].'" (*In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1079; see also *In re Kimberly F.* (1997) 56 Cal.App.4th 519, 529; Cal. Rules of Court, rule 5.570(d)(1) & (2).) "'A prima facie case is made if the allegations demonstrate that these two elements are supported by probable cause. [Citations.] It is not made, however, if the allegations would fail to sustain a favorable decision even if they were found to be true at a hearing. [Citations.] While the petition must be liberally construed in favor of its sufficiency [citations], the allegations must nonetheless describe specifically how the petition will advance the child's best interests.' [Citation.] In determining whether the petition makes the required showing, the court may consider the entire factual and procedural history of the case. [Citation.]" (*In re K.L.* (2016) 248 Cal.App.4th 52, 61-62; see also *In re Anthony W.* (2001) 87 Cal.App.4th 246, 250 ["'[S]pecific allegations describing the evidence constituting the proffered changed circumstances or new evidence' is required."].)

7

We review the juvenile court's summary denial of a section 388 petition for abuse of discretion.  (*In re K.L., supra*, 248 Cal.App.4th at p. 62; *In re C.J.W., supra*, 157 Cal.App.4th at p. 1079.)

**B.   *Analysis***

The juvenile court found that appellant failed to meet her prima facie burden to show both a change of circumstances and that it would be in the best interest of the children to place them in her care.  As such, the court concluded appellant was not entitled to an evidentiary hearing on her section 388 petition.

Respondent contends the appellate record is insufficient to allow adequate review of the juvenile court's decision.  We agree.[5]  "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)  "'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.'"  (*Id*. at p. 609.)  "'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'"  (*Ibid*.; see also *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483 [noting "appellant['s] obligation to provide an adequate record to demonstrate error as well as our obligation to presume that the decision of the trial court is correct absent a showing of error on the record"].)

There is no evidence in the record regarding the basis for the juvenile court's decision to remove D. and E. from appellant's care in April 2021, or regarding their subsequent placement or the placement of C.  As such, we cannot evaluate the juvenile court's finding that placing all three children with appellant in May 2021 was not in their best interest and did not constitute a change of circumstances.

---

[5]     We note that appellant failed to file a reply brief and thus did not respond to any arguments raised by DCFS.

Appellant contends, as she did before the juvenile court, that it would benefit the children to place them with her, because she was deeply bonded to them and could offer them a home together. The implication of her argument is that her willingness to care for all three children is the requisite change in circumstances. But without evidence of the prior circumstances leading to the removal of D. and E. from appellant, we cannot assess the trial court's finding to the contrary. Similarly, on the limited record before us, appellant cannot establish that the court abused its discretion in finding she failed to make a prima facie case that placing the children with her would be in their best interest. Thus, we find no error in the juvenile court's summary denial of appellant's section 388 petition.

## III.  *Appellant's Other Requests*

Appellant also contends that the juvenile court erred in failing to rule on or by denying her de facto parent request and her objection to removal.[6] Respondent contends that this portion of the appeal should be dismissed, as there is no evidence in the record that the court ruled on these requests.[7] We conclude that appellant has forfeited these issues.

As respondent points out and appellant does not dispute, there is no indication in the record that the juvenile court ruled on appellant's requests. Although appellant's counsel asked the court about her request for de facto parent status, at that time the court indicated it had not yet received or reviewed the request. The court then stated that it would likely deny the request when received, but there is no evidence reflecting an actual ruling by

---

[6]     Appellant alternately argues both that the court failed to rule on her requests and that the court denied them.

[7]     Respondent also urges dismissal of any appeal from appellant's request for prospective adoptive parent designation. Once again, there is no record before us that the trial court denied this request. Moreover, we conclude that appellant did not appeal this issue. She did not include it in her notice of appeal and did not expressly assert any error related to her request for prospective adoptive parent designation. As such, we need not address it. (See *Jameson v. Desta, supra*, 5 Cal.5th 594, 608–609 [burden is on appellant to demonstrate trial court error]; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 276–277 [appellant must cite legal support for claim of error].)

the court or any efforts by appellant to secure a ruling on either request. Thus, "[w]e follow the long-established rule that where a court, through inadvertence or neglect, neither rules nor reserves its ruling, the party who objected or made the motion must make an effort to have the court actually rule, and that when the point is not pressed and is forgotten the party will be deemed to have waived or abandoned the point and may not raise the issue on appeal. [Citations.]" (*People v. Brewer* (2000) 81 Cal.App.4th 442, 461–462.) As such, appellant is precluded from obtaining appellate review of her de facto parent request and her objection to removal because she failed to obtain a ruling from the trial court on her requests or present evidence that the court denied them.

We also reject appellant's contention that the juvenile court failed to timely respond to appellant's requests pursuant to section 366.26, subdivision (n)(3)(B). Pursuant to that section, the juvenile court must set a hearing within five days of the filing of a petition objecting to removal and a petition for designation as prospective adoptive parent. (*Ibid*.) As respondent points out, this section applies only where parental rights have been terminated, and there is no evidence in the record that parental rights as to D. and E. were terminated prior to their removal from appellant's care or prior to appellant's filings here. Thus, there is no merit to appellant's claim of error.

## DISPOSITION

Respondent's motion to dismiss the appeal in part is denied. The order denying appellant's section 388 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:



MANELLA, P. J.                              CURREY, J.


10