Filed 3/15/23  In re C.K. CA 2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re C.K. et al., Persons Coming Under Juvenile Court Law. | B313536 |
| _____ | (Los Angeles County Super. Ct. No. DK22840A-C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| M.Q., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Stephen C. Marpet, Juvenile Court Referee.  Affirmed in part, dismissed in part.

Anne E. Fragasso, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

Mother appeals from the denial of her latest Welfare and Institutions Code section 388 petitions, filed two and a half years after reunification services were terminated.[1]  At the time of filing, her oldest child, who we refer to as "daughter," was two months shy of adulthood, and her younger children had been in guardianships for years.  We conclude that as to daughter, her appeal is moot because daughter is now an adult.  As to the two younger children, we affirm the juvenile court's decision to deny mother's petitions without a hearing.  The juvenile court acted within its discretion in finding that mother's recent, brief sobriety, considered in the context of her years-long drug abuse, did not constitute changed circumstances.

### *FACTUAL AND PROCEDURAL BACKGROUND*

### 1.  *Removal and Jurisdiction*

Mother has three children, born August 2003, January 2011, and March 2014.  In June 2017, the court sustained jurisdiction over the children under section 300, subdivisions (a) and (b), based on mother's domestic violence in front of the children, her extensive history of substance abuse, and her current use of amphetamines, methamphetamines, and marijuana.  As part of her reunification services, the court ordered mother to complete a six-month inpatient drug program,

---

[1]     All subsequent statutory references are to the Welfare and Institutions Code, unless indicated otherwise.

This is mother's second appeal in these dependency cases. The first appeal was from the August 2020 denial of earlier section 388 petitions.  On August 20, 2021, we affirmed the juvenile court's decision in an unpublished opinion (appellate case No. B307983; 2021 WL 3854771).

2

attend a 12-step program, participate in weekly drug testing, attend a 52-week batterer's intervention program, submit to a psychiatric evaluation, take all prescribed psychotropic medication, and participate in individual counseling to address case issues.

After disposition, mother repeatedly entered and was repeatedly discharged from drug rehabilitation programs (11 programs in the first 15 months after jurisdiction) and had multiple relapses. The children remained in foster care. On October 9, 2018, the juvenile court terminated mother's reunification services for all three children, and set their cases for section 366.26 hearings.

On May 6, 2019, the juvenile court placed the two younger children in kinship guardianships.[2] The court then terminated its dependency jurisdiction over them. Daughter remained under the juvenile court's jurisdiction and in the care of a maternal great aunt.

---

[2] "When the juvenile court establishes a kinship guardianship as it did here [for the two younger children], it dismisses its jurisdiction under section 366.3 in recognition of the fact that the kinship guardianship is a permanent plan for the child and there is no need for ongoing scheduled court and social services supervision of the placement. (§§ 11361, 11386, subd. (e).) However, the juvenile court still maintains jurisdiction over the child as a ward of the legal guardianship and can vacate its order dismissing its dependency jurisdiction. (§§ 366.3, subds. (a) & (b), 366.4.)" (*In re Priscilla D.* (2015) 234 Cal.App.4th 1207, 1216.)

**2.    *Mother's Series of Section 388 Petitions***

   *a.    March 2020 Petitions*

   On March 6, 2020, mother filed section 388 petitions asking the court to reinstate her reunification services for all three children and to grant unmonitored visitation.[3]  Mother stated that after the termination of her reunification services, she had completed a parenting class and a domestic violence program, received a mental health assessment, participated in individual counseling, and completed a drug rehabilitation program with after care.

   The hearing was continued several times and eventually took place on August 12, 2020.  The day before the hearing, DCFS advised the court that mother had tested positive for methamphetamines and her sober living facility had discharged her.  The juvenile court denied the section 388 petitions as to all the children and ordered jurisdiction terminated as to the two younger children.  The young children remained placed with their caregivers.  Daughter continued her placement with the maternal great aunt.

   Mother appealed, and on August 30, 2021, we affirmed the trial court's orders in an unpublished opinion (*In re C.K.* (Aug. 30, 2021, B307983) [nonpub. opn.] 2021 WL 3854771).

   *b.    August 2020 Petitions*

   On August 26, 2020, mother filed section 388 petitions for the two youngest children, requesting their guardianships be terminated and that they be placed with daughter's caregiver.

---

[3]    A month before the March 6, 2020 petitions, the trial court denied another section 388 petition filed by mother – this time seeking reunification services for daughter only.

4

The maternal aunt explained that one of the younger sibling's caregivers had frustrated visitation between the siblings.

On September 3, 2020, the juvenile court denied the section 388 petitions without a hearing, but ordered the children's counsel to reach out to the guardian to inquire whether appropriate sibling visits could occur.

c. *February 2021 Petitions*

On February 8, 2021, mother filed section 388 petitions for all three children. Mother requested the court reinstate reunification services and order unmonitored visits with her children. She stated that she had been sober for almost three months, and was testing weekly. On February 16, 2021, the juvenile court denied the petitions without a hearing. The court found circumstances had not sufficiently changed to justify a hearing. The court pointed out that mother had not completed her substance abuse program but was making progress.

**3. *The Section 388 Petition at Issue in this Appeal***

On June 9, 2021, mother filed section 388 petitions as to all three children. Mother requested return of the children to her custody, or, in the alternative, reinstatement of reunification services, and/or grant of unmonitored and overnight visitation. Mother stated her circumstances had changed because she completed a six-month outpatient program, transitioned from a sober living home to her own apartment, and had continued attending counseling and AA meetings. Mother explained that placing the children in her custody was in their best interest so they could reside together and be with their biological parent.

On June 9, 2021, the court denied mother's petitions without an evidentiary hearing. The court stated that, as to daughter, she had been out of mother's care for four years, would

be 18 shortly, and wished to avail herself of extended foster care services, which the court intended to facilitate. The court found that it was not in daughter's best interest to grant mother's section 388 petition.

With respect to the younger children, the court observed they had been in legal guardianships while mother had been repeatedly unsuccessful in numerous drug rehabilitation programs. The court stated: "This is a mother who has been in and out of, at least to my recollection, five other drug programs over the last four years. Finally, she has completed one drug program for six months and that's wonderful; however, that's just partial. I need her to continue in an aftercare program and we can reassess a [section] 388, but at this time, I'm finding it's clearly not in these children's best interest to grant a [section] 388 even for a hearing. I don't find a prima facie finding. I'm denying the [section] 388 as to both of these children." In its minute order, the court stated: "The court acknowledges that the mother has completed a substance abuse program but the court needs to see the mother's compliance in her after care and testing clean noting the mother's numerous years of drug abuse."

Mother timely appealed from the juvenile court's denials of her June 2021 section 388 petitions for her three children.

## DISCUSSION

### 1.     *Mother's Appeal is Moot as to Daughter*

DCFS asserts mother's appeal of her section 388 petition as to daughter is moot because daughter is now an adult. " '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be

6

dismissed.' " (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404.) "[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.)

We agree mother's appeal as to daughter is moot. Mother's petition sought custody, or at minimum, reinstatement of reunification services. Because daughter turned 18 years old in the summer of 2021, DCFS cannot provide mother with further reunification services; nor can the dependency court award custody of daughter to mother. (*In re K.L.* (2012) 210 Cal.App.4th 632, 640 ["the statutory framework does not allow a parent to reunify with a dependent child who has turned 18 because a parent cannot have physical custody of an adult"].) Accordingly, there is no effective relief we can provide mother with regard to her eldest child.

**2.** ***No Abuse of Discretion in Denying the Section 388 Petitions for the Younger Children Without a Hearing***

Mother argues the trial court erred in denying without a hearing her section 388 petitions for the younger children.

*a.* *Applicable Law and Standard of Review*

"Section 388 allows a parent or other person having an interest in a dependent child to petition the juvenile court to change, modify, or set aside any prior order because of changed circumstance or new evidence. (§ 388, subd. (a).)" (*In re Daniel F.* (2021) 64 Cal.App.5th 701, 711.) "Under section 388, a party 'need only make a prima facie showing to trigger the right to proceed by way of a full hearing.' [Citation.] The prima facie showing is not met unless the facts alleged, if supported by evidence given credit at the hearing, would sustain a favorable

7

decision on the petition. [Citation.] In determining whether the petition makes the necessary showing, the court may consider the entire factual and procedural history of the case. [Citation.] The petition must be liberally construed in favor of its sufficiency." (*In re J.P.* (2014) 229 Cal.App.4th 108, 127.)

"There are two parts to the prima facie showing: The parent must demonstrate (1) a genuine change of circumstances or new evidence, and that (2) revoking the previous order would be in the best interests of the children. [Citation.] If the liberally construed allegations of the petition do not show changed circumstances such that the child's best interests will be promoted by the proposed change of order, the dependency court need not order a hearing. [Citation.] We review the juvenile court's summary denial of a section 388 petition for abuse of discretion." (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.)

b.      *No Abuse of Discretion*

Here, the juvenile court found that mother had failed to make a prima facie showing under section 388. Specifically, mother had not shown a significant enough period of sobriety to justify granting mother's section 388 petitions. The record supports the juvenile court's exercise of discretion.

It was reasonable for the court to conclude that mother's fledgling success in drug rehabilitation was not a material change in circumstance, considering her years-long addiction and extensive history of relapses. To be clear, mother sought a change in custody based on six-to-seven months of sobriety after nearly four years (42 months) of drug abuse. " 'Not every change in circumstance can justify modification of a prior order.' [Citation.] The change in circumstances supporting a section 388 petition must be material. . . . In the context of a substance

8

abuse problem that has repeatedly resisted treatment in the past, a showing of materially changed circumstances requires more than a relatively brief period of sobriety or participation in yet another program." (*In re N.F.* (2021) 68 Cal.App.5th 112, 120–121.)  The juvenile court reasonably concluded mother's recent success, especially in the context of her recent relapse, was insufficient to show either a material change in circumstance or that revoking the previous order was in the best interests of the children.  (*In re Anthony W.*, *supra*, 87 Cal.App.4th at p. 250.)

### *DISPOSITION*

The juvenile court's orders as to the two younger siblings are affirmed.  The appeal of the juvenile court's order denying mother's section 388 for daughter is dismissed as moot.


RUBIN, P. J.

WE CONCUR:


MOOR, J.


KIM, J.

9