Filed 4/4/23  In re Ah. V. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re AH. V. et al., Persons Coming Under the Juvenile Court Law. | B318191 (Los Angeles County Super. Ct. No. 17CCJP00988C-G) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. MICHAEL V. Defendant; S. JOHNS-EL, Intervener and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra R. Archuleta, Judge.  Affirmed.

Christopher Blake, under appointment by the Court of Appeal, for Intervener and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \*

Appellant Chiefhead S. Johns-El (appellant) challenges the orders summarily denying his petitions under Welfare and Institutions Code section 388 requesting legal guardianship over the subject children, Ah. (born 2013), Asa. (born 2014), twins Am. and Asi. (born 2016), and Mi. (born 2019), and seeking leave to participate in the children's dependency proceedings.[1] We find no abuse of discretion and affirm.

## BACKGROUND

**Prior appeal**

This court previously affirmed orders that established dependency jurisdiction over Michael (born 2019), removed him from parental custody, and continued out-of-home placement of Ah., Asa., Am. and Asi. (*In re Ahnyia V.* (May 13, 2020, B298852) [nonpub. opn].) The sole issue raised in the prior appeal was whether the juvenile court and the Los Angeles County Department of Children and Family Services (DCFS) complied with the inquiry and notice requirements of the Indian Child

---

[1]     All further unattributed statutory references are to the Welfare and Institutions Code.

2

Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California law.

The children's mother initially reported possible Cherokee ancestry. The children's father identified throughout the case an ever-expanding list of Indian tribes in which the children may have existing or future membership, including Apache, Cherokee, Blackfeet, Nanticoke, Lenni-Lenape, Califa Indian, Siksika, Chumash, and the El/Bey clan. DCFS investigated the parents' claims of possible Indian ancestry and notified the federally recognized tribes. After receiving the tribes' responses, the juvenile court found there was no reason to believe the children were Indian. We affirmed the juvenile court's ICWA findings based on substantial evidence and held that both the juvenile court and DCFS had complied with ICWA's inquiry and notice requirements.

**Current appeal**

Appellant filed identical section 388 petitions for all five children on September 13, 2021. Appellant identifies himself as "Chiefhead S. Johns-El" and the "Tribal Chief/Designated Indian Custodian" of the "Moorish Americans of California."

Appellant sought to change an "[o]rder of adoption by non-Indian family as the permanent plan" purportedly made on December 14, 2020.[2] As to the circumstances that changed since the December 14, 2020 order, appellant states: "A Faithful member of the Indian child's extended family is committed to

---

[2] The record on appeal does not contain the juvenile court's December 14, 2020 order. Appellant's counsel on appeal states that no section 366.26 permanency planning hearing was held in December 2020 and that counsel is uncertain as to when or whether such a hearing was held.

providing the children with permanency via legal guardianship. An approved designated Indian Custodian will ensure the children's well-being, education, and safety." Appellant seeks a new order directing the children's social worker to evaluate for legal guardianship "extended family members of the tribe," including appellant. The petitions also request leave for the tribe to participate in the children's dependency proceedings.

Appellant lists the following reasons why the requested orders would benefit the children: "To prevent the Indian children from developing mental health disorders, loss of identity, deprivation of Nationality, loss o[f] religion, and other serious health and existential dangers that may arise if the children are adopted by a non-Indian family. See also attached Declaration and Order of Tribal Council."

Appellant attached several documents to the petitions, including his own declaration. In that declaration, appellant identifies himself as an extended family member and the children's Indian custodian. Appellant identifies his tribe as the Moorish Temple of Science or the Moorish Americans of California and claims that the tribe "shares the same ancestral ties with the Lanape/Delawares." Appellant disavows any affiliation between his tribe and the Blackfeet, Siksika, Cherokee, and Apache tribes and with the "El/Bey clan."

Also attached to appellant's petitions is an undated "Indian Child Power of Attorney Form" signed by father and purporting to give appellant the right to make educational decisions for the children and to provide for their "food, clothing, shelter, and everyday care." An unsigned affidavit by father states that before and after the children were detained, he regularly took them to the Moorish Science Temple, where they were excited to meet

4

members of their Religious Tribal Society and to wear Moorish cultural attire. A document captioned "Order of the Tribal Council" purports to place the children "into the custody of the designated Indian Custodian." The constitution and by-laws of the Moorish Science Temple of America, identification cards for the children, Delaware State Government code provisions recognizing the Nanticoke Indian Tribe of Delaware as an American Indian tribe, a resolution by the House of Representatives of the State of Illinois designating the week of January 8-15, 2012, as Moorish American Week in the State of Illinois, and literature concerning the placement of Indian children are also attached to the petitions.

A hearing pursuant to section 366.26 had been set for September 14, 2021. The juvenile court's minute order from that date states: "Father's counsel is heard as to the 388 petition filed by Father's tribe. The Court finds the 388 has not been filed according to proper procedure, and defers a ruling at this time."

On October 14, 2021, the juvenile court summarily denied appellant's section 388 petitions on the grounds that the request stated no new evidence or change of circumstances, and the proposed change of order did not promote the children's best interests. The juvenile court's orders denying the petitions further stated: "The 388 petition has failed to demonstrate a prima facie showing therefore no hearing will be set."

This appeal followed.

## DISCUSSION

### I.    Applicable law and standard of review

Section 388 provides in pertinent part: "(a)(1) Any parent or other person having an interest in a child who is a dependent

5

child of the juvenile court . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court or in which a guardianship was ordered pursuant to Section 360 for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. The petition . . . shall set forth in concise language any change of circumstance or new evidence that is alleged to require the change of order or termination of jurisdiction. [¶] . . . [¶] (d) If it appears that the best interests of the child . . . may be promoted by the proposed change of order . . . , the court shall order that a hearing be held . . . ."

Although section 388 does not explicitly so provide, courts have long held that the right to a hearing is triggered only if the petition makes a prima facie showing, consisting of facts demonstrating a genuine change of circumstances. (*In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1079.) To require a hearing a parent or interested person must show changed circumstances. (See *In re Casey D.* (1999) 70 Cal.App.4th 38, 47, disapproved on another ground in *In re Caden C.* (2021) 11 Cal.5th 614, 636, fn. 5.) In addition, the petitioner must present new evidence and facts showing that the requested modification will promote the child's best interests. (*C.J.W., supra*, at p. 1079.) The petition must state facts that, if found to be true, would sustain a favorable decision. (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.)

California Rules of Court, rule 5.570(d) expressly provides that the juvenile court may deny a section 388 petition ex parte if the petition "fails to state a change of circumstance or new evidence that may require a change of order . . . or fails to show

6

that the requested modification would promote the best interest of the child . . . ."

We review the summary denial of a hearing on a section 388 petition for abuse of discretion. (*In re A.S.* (2009) 180 Cal.App.4th 351, 358.) Under that standard, we will not disturb the decision of the juvenile court unless it was arbitrary, capricious, or patently absurd. (*Ibid.*)

## II.    No abuse of discretion

The trial court did not abuse its discretion by summarily denying appellant's section 388 petitions. First, appellant failed to make a prima facie showing of changed circumstances. The willingness of an unidentified member of the children's purported "extended family" to be considered for legal guardianship or the willingness of an unidentified "approved designated Indian Custodian" to "ensure the children's well-being, education, and safety" do not demonstrate changed circumstances.

Second, appellant failed to show that the change of order would be in the children's best interests. He offered no support for the assertion that the change would prevent the children from developing mental health disorders or losing their religion. Additionally, appellant's unsigned declaration and the order of appellant's tribal council assert, without any factual or evidentiary support, that placing the children with unidentified tribal members of the Moorish Americans of California will benefit the children.

A section 388 petition must include "specific allegations describing the evidence constituting the proffered changed circumstances or new evidence is required." (*In re Anthony W., supra,* 87 Cal.App.4th at p. 250.) While the petition "must be liberally construed in favor of its sufficiency [citations], the

7

allegations must nonetheless describe specifically how the petition will advance the child's best interests." (*In re G.B.* (2014) 227 Cal.App.4th 1147, 1157.)  Appellant's petitions fail to meet these requirements.

Appellant cited *Twenty-Nine Palms Enterprises Corporation v. Bardos* (2012) 210 Cal.App.4th 1435 and *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 255 (*Nazir*), but neither case supports his position. These cases do not concern the summary denial of a section 388 petition; instead, both involved a trial court summarily ruling on multiple evidentiary objections in a civil case. The blanket evidentiary rulings contained no indication that the trial court had reviewed and considered each objection individually. The appellate courts in both cases found that some of the evidentiary objections were not properly sustained and that the blanket orders doing so constituted a manifest abuse of discretion. (*Twenty-Nine Palms*, at pp. 1447-1449; *Nazir*, at pp. 255-257.) No such abuse of discretion is manifested here.

Appellant failed to make a prima facie showing of changed circumstances or that a change of order would be in the children's best interests. The juvenile court, therefore, did not err by summarily denying appellant's section 388 petitions.

**DISPOSITION**

The orders denying the section 388 petitions are affirmed.

NOT TO BE PUBLISHED.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
ASHMANN-GERST, J.