Filed 7/11/23  In re A.B. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re A.B., A Person Coming Under the Juvenile Court Law. | B325988 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>THOMAS H.,<br><br>Defendant and Appellant. | Los Angeles County Super. Ct. Nos. DK15312 |

APPEAL from an order of the Superior Court of Los Angeles County.  Hernan D. Vera, Judge.  Appeal dismissed.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant

No appearance by Plaintiff and Respondent.

_____

On June 19, 2018, the juvenile court of Los Angeles County terminated the parental rights of Mother and appellant Thomas H. (Father), to their son A.B. (born January 2016). The court designated A.B.'s then-caretakers as his prospective adoptive parents and set a permanency planning review. On August 27, 2019, the juvenile court conducted a permanency planning review, finding by clear and convincing evidence that return of A.B. to the physical custody of his parents would create a substantial risk of detriment to the child. The court ordered adoption as the permanent plan for A.B.

On December 5, 2022, Father filed a petition under Welfare & Institutions Code[1] section 388. He advised the juvenile court that circumstances had changed in that he and A.B.'s mother were now employed. Father stated it was in A.B.'s best interest to know his own parents. Father also advised the juvenile court that he and Mother had been in an off-and-on relationship since 1997, when he was 21 years old and she was 18 years old.

On December 6, 2022, the juvenile court denied the section 388 petition without setting it for a hearing on the merits. The court found there were no changed circumstances to justify granting the petition and a modification of the court ordered plan of adoption was not in A.B.'s best interest.

Father timely appealed.

On May 17, 2023, counsel for Father filed a no issue brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835. That same day we notified Father that a no issue brief had been filed on his behalf and we invited him to file a supplemental letter setting

---

[1]    Undesignated statutory references are to the Welfare and Institutions Code.

forth any issues he believes should be reviewed by this court. On June 9, 2023, Father filed a brief asking us to return A.B. to him and Mother.

In his brief, Father contends that A.B.'s foster parents and the Department of Children and Family Services refused to circumcise A.B. and refused to get his "acid reflux" treated. The juvenile court also wrongly accused Mother of having a mental disorder. He summarizes his position: "This is a request to reverse this case on appeal because my son inheriting his mother's acid reflux and not being circumcised is not a crime. The foster parents and the Department of Children's and Family services refused to have my son get the procedure to get cured from acid reflux and to get circumcised. They have my son carrying around two medical issues that can cause my son to get cancer."

This court presumes a trial court judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Appellant bears the burden of establishing error. Where an appellant does not establish error, we may dismiss the appeal. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) Unlike in a criminal case, we have no duty to conduct an independent review of the record in a dependency case. (*In re Phoenix H.*, *supra*, 47 Cal.4th at pp. 841-843.)

A petition brought under section 388 must make a prima facie showing that there are changed circumstances/new evidence and that the requested modification will be in the child's best interest. (§ 388, subd. (a).) If the petition fails to do so, the court may deny it without a hearing. (Cal. Rules of Court, rule 5.570(b), (d)(1); *In re Zachary G.* (1999) 77 Cal.App.4th 799, 806-807.) The petitioner bears the burden of presenting a prima

facie case and the petition is to be liberally construed in favor of its sufficiency. (Cal. Rules of Court, rule 5.570(a); *In re Marilyn H.* (1993) 5 Cal.4th 295, 309–310.) A prima facie showing is made when the facts alleged, if supported by credible evidence, would sustain a favorable decision (*In re Edward H.* (1996) 43 Cal.App.4th 584, 593.) Mere conclusory statements, unsupported by declarations or other evidence, are insufficient to trigger a hearing. (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.)

A biological parent whose parental rights have been terminated generally lacks standing to file a modification petition. Except for very narrow circumstances under which a child may petition for reinstatement of parental rights, once the termination order has been issued, the juvenile court has "no power to set aside, change, or modify it." (§ 366.26, subd. (i)(1).)

Father filed his section 388 petition for reinstatement of parental rights after his parental rights were terminated. The juvenile court lacked jurisdiction to consider the petition. Father presents no arguable issue.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



GRIMES, J.



WILEY, J.