Filed 6/11/26  In re H.D. CA2/5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re H.D., a Person Coming Under the Juvenile Court Law. | B349818 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> S.B., <br><br> Defendant and Appellant. | (Los Angeles County Super. Ct. No. 20CCJP05556A) |

APPEALS from orders of the Superior Court of Los Angeles County, Kristen Byrdsong, Temporary Judge.  Affirmed.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

S.B. (mother) appeals from the juvenile court's September 12, 2025 order denying her petition under Welfare and Institutions Code section 388[1] and terminating parental rights as to son H.D. (minor).  Mother contends the court abused its discretion when it summarily denied her section 388 petition and denied application of the parental relationship exception to termination of parental rights under section 366.26, subdivision (c)(1)(B)(i).  The Los Angeles County Department of Children and Family Services (Department) contends that the court's decisions on both matters were within the scope of its discretion.  We agree with the Department, and we affirm.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication.  (Cal. Rules of Court, rule 8.1105(c).)  We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263, fn. omitted [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments.  [Citation.]  In order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

---

[1] All further statutory references are to the Welfare and Institutions Code.

**DISCUSSION**

## A. Section 388 Petition

Mother contends the court's September 12, 2025 summary denial of her section 388 petition without an evidentiary hearing was in error. We disagree.

On receipt of a section 388 petition, the court may either summarily deny the petition or order a hearing. (*In re Lesly G.* (2008) 162 Cal.App.4th 904, 912.) The court may summarily deny the petition unless the petitioner makes a prima facie showing in his or her favor. (*Ibid.*; see also *In re Marilyn H.* (1993) 5 Cal.4th 295, 310.) We review the summary denial of a section 388 petition for abuse of discretion. (*In re G.B.* (2014) 227 Cal.App.4th 1147, 1158.)

A petition to change or modify a juvenile court order under section 388 must factually allege that: (1) there are changed circumstances or new evidence to justify the requested order, and (2) the requested order would serve the minor's best interests. (*In re G.B., supra*, 227 Cal.App.4th at p. 1157; Cal. Rules of Court, rule 5.570(d)(1) & (2).) " 'A prima facie case is made if the allegations demonstrate that these two elements are supported by probable cause. [Citations.] It is not made, however, if the allegations would fail to sustain a favorable decision even if they were found to be true at a hearing. [Citations.] While the petition must be liberally construed in favor of its sufficiency [citations], the allegations must nonetheless describe specifically how the petition will advance the child's best interests.' [Citation.] In determining whether the petition makes the

3

required showing, the court may consider the entire factual and procedural history of the case.  [Citation.]" (*In re K.L.* (2016) 248 Cal.App.4th 52, 61−62; see also *In re Anthony W.* (2001) 87 Cal.App.4th 246, 250 [" '[S]pecific allegations describing the evidence constituting the proffered changed circumstances or new evidence' is required"].)

When, as here, a section 388 petition is filed after family reunification services have been terminated, the juvenile court's overriding concern is the child's best interest.  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317.)  The parent's interests in the care, custody, and companionship of the child are no longer paramount, and the focus shifts to the needs of the child for permanency and stability.  (*Ibid.*; *In re Malick T.* (2022) 73 Cal.App.5th 1109, 1123.)  Nonetheless, by showing that circumstances have changed and that the best interest of the child warrants further reunification services, a parent may rebut the presumption that once family reunification services have been terminated reunification is not in the best interest of the child. (*In re Marilyn H., supra*, 5 Cal.4th at p. 309; *In re Stephanie M.*, at p. 317.)  "[B]est interests is a complex idea" that requires consideration of a variety of factors.  (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 530; see *In re Jacob P.* (2007) 157 Cal.App.4th 819, 832–833.)  In determining whether a section 388 petitioner has made the requisite showing, the juvenile court may consider the entire factual and procedural history of the case, including factors such as the seriousness of the reason leading to the child's removal, the reason the problem was not resolved, the passage of time since the child's removal, the relative strength of the bonds with the child, the nature of the change of circumstance, and the reason the change was not made

sooner. (*In re Mickel O.* (2011) 197 Cal.App.4th 586, 616; *In re Aaliyah R.* (2006) 136 Cal.App.4th 437, 446–447; *In re Justice P.* (2004) 123 Cal.App.4th 181, 188–189.)

Here, the juvenile court did not abuse its discretion when it summarily denied mother's section 388 petition seeking placement or an additional six months of reunification services, based on a lack of changed circumstances. Mother had already received statutory eighteen months of reunification services, plus additional family maintenance services while the Department attempted to transition minor's placement from maternal grandmother to mother between July 2022 and the spring of 2024. The order mother sought to change was the October 2024 disposition order following adjudication of a section 342 petition that alleged mother had, on numerous occasions, engaged in sexual intercourse while minor was present. In addition, the record reflects relatively recent concerns about minor suffering trauma if he were to return to mother's custody and minor being relieved when mother told him she would no longer be having visits with him. Against this backdrop, the court's decision to summarily deny mother's section 388 petition was not an abuse of discretion.

## B.    Parental Relationship Exception

If the juvenile court finds by clear and convincing evidence at the section 366.26 hearing that a child is likely to be adopted, "the court shall terminate parental rights and order the child placed for adoption" unless, as relevant here, it "finds a compelling reason for determining that termination would be detrimental to the child due to one or more" enumerated

5

exceptions.  (§ 366.26, subds. (c)(1) & (c)(1)(B); see also *In re Caden C.* (2021) 11 Cal.5th 614, 630–631 (*Caden C.*).)  "The statutory exceptions merely permit the court, in *exceptional circumstances* [citation], to choose an option other than the norm, which remains adoption."  (*In re Celine R.* (2003) 31 Cal.4th 45, 53.)

Mother contends it was an abuse of discretion to deny application of the parental relationship exception, which permits the selection of another permanent plan if the "parents have maintained regular visitation and contact with the child and the child would benefit from continuing the relationship."  (§ 366.26, subd. (c)(1)(B)(i).)  The parent has the burden of establishing this exception.  (*In re A.L.* (2022) 73 Cal.App.5th 1131, 1153.)  The exception requires a parent to show, by a preponderance of the evidence:  (1) the parent has maintained regular visitation and contact with the child, "taking into account the extent of visitation permitted"; (2) the child has a substantial, positive, emotional attachment to the parent such that the child would benefit from continuing the relationship; and (3) terminating the relationship "would be detrimental to the child even when balanced against the countervailing benefit of a new, adoptive home."  (*Caden C., supra,* 11 Cal.5th at p. 636.)  The "language of this exception, along with its history and place in the larger dependency scheme, show that the exception applies in situations where a child cannot be in a parent's custody but where severing the child's relationship with the parent, even when balanced against the benefits of a new adoptive home, would be harmful for the child."  (*Id.* at p. 630.)  When the benefits of a stable, adoptive, permanent home outweigh the harm the child would experience from the loss of a continued parent-child relationship,

6

the court should order adoption.  (*Id.* at pp. 633–634.)  However, if " 'severing the natural parent/child relationship would deprive the child of a substantial, positive emotional attachment such that,' even considering the benefits of a new adoptive home, termination would 'harm[ ]' the child, the court should not terminate parental rights."  (*Id.* at p. 633.)

We review the juvenile court's findings as to whether the parent has maintained regular visitation and contact with the child and the existence of a parental relationship for substantial evidence.  (*Caden C.*, *supra*, 11 Cal.5th at pp. 639–640.)  We review the third step—whether termination of parental rights would be detrimental to the child due to the child's relationship with his or her parent—for abuse of discretion.  (*Id.* at p. 640.)

Even if we were to assume that mother met the first two prongs of the *Caden C.* analysis, by the time of the permanency hearing, minor was eight years old and had lived primarily with maternal grandmother, his prospective adoptive parent, for six of those eight years, and he was consistently expressing a desire for permanency in maternal grandmother's home.  The court acted well within its discretion in denying mother's request to apply the parental relationship exception under section 366.26, subdivision (c)(1)(B)(i).

## DISPOSITION

The juvenile court's September 12, 2025 order denying mother's Welfare and Institutions Code section 388 petitions and the court's October 14, 2025 order terminating parental rights under Welfare and Institutions Code section 366.26 are affirmed.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


KIM (D.), J.

8